IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:19-bk-30822 |
| TAGNETICS INC., ) | |
| ) | Chapter 7 (Involuntary) |
| Alleged Debtor. ) | |
| ) | JUDGE GUY R. HUMPHREY |

**TAGNETICS INC.'S ANSWER
TO INVOLUNTARY BANKRUPTCY PETITION**

Tagnetics Inc. ("TI"), through the undersigned counsel, submits its answer to the involuntary petition ("Involuntary Petition") filed by 1) Kenneth W. Kayser; (2) Ronald E. Early; (3) Kayser Ventures Ltd. ("KVI"); (4) Jonathan Hager; (5) Robert Strain; and (6) S-Tek Inc. ("STI") ("Petitioning Creditors") and alleges as follows:

**FIRST DEFENSE**

TI submits that the Petitioning Creditors lack the proper standing to file an involuntary proceeding under 11 U.S.C. § 303 and the Petitioning Creditors have failed to set forth any facts that TI is not paying its debts as they become due.

**SECOND DEFENSE**

TI disputes all of the alleged claims of the Petitioning Creditors and asserts that such claims are subject to a bona fide dispute as to liability and/or amount. TI asserts that the Petitioning Creditors have never made demand on TI for their claims, never furnished TI with back-up documents to substantiate their claims and have not sought to have their claims liquidated in State or Federal Court. TI submits that KVI and STI are corporate entities that must appear through counsel and, unless they obtain counsel, KVI and STI should be stricken as

Petitioning Creditors. If the Court enters an order dismissing KVI and STI as Petitioning Creditors, the Court should make a finding that said corporate entities' participation was in "bad faith." On information and belief, KVI is an entity wholly owned by Kenneth W. Kayser and probably an alter ego and that his participation as a Petitioning Creditor should be dismissed due to the actions of KVI.

### THIRD DEFENSE

TI further asserts that the interests of the Petitioning Creditors and TI would be better served if the Court dismissed the Involuntary Petition and allowed the parties to litigate their claims in State Court. The Court, due to the fact the Petitioning Creditors' claims are contingent (both as to liability and amount), will have to try the merits of each of the Petitioning Creditors' claims and all defenses, set-offs and counterclaims possessed by TI. In essence, the Bankruptcy Court will be conducting six (6) separate trials. The Court, pursuant to 11 U.S.C. § 305 and 28 U.S.C. § 1334, should abstain or defer with respect to the Involuntary Petition inasmuch as the only jurisdictional basis for this Court trying the claims is bankruptcy jurisdiction.

### FOURTH DEFENSE

To the extent that the Court does not enter an "order for relief," the Court should award TI its costs and legal fees under 11 U.S.C. § 303(i) and consequential damages and punitive damages if this Court finds the Involuntary Petition was filed in bad faith. TI will be filing a Motion pursuant to 11 U.S.C. § 303(e) seeking the imposition of a bond to protect the interests of TI.

### FIFTH DEFENSE

TI submits that the Petitioning Creditors have failed to provide any document with the Involuntary Petition supporting their alleged claims.

## SIXTH DEFENSE

TI submits the affirmative defenses of set-off, compromise, accord and satisfaction, waiver, failure to perform, payment, estoppel, and breach of performance to all of the Petitioning Creditors' alleged claims.

## SEVENTH DEFENSE

TI denies all allegations which it has not expressly admitted.

## EIGHTH DEFENSE

TI responds to the specific allegations of the Involuntary Petition as follows:

1.

TI denies that the Petitioning Creditors are eligible to file the Involuntary Petition pursuant to Section 303 of the Bankruptcy Code.

2.

TI submits that the allegations contained in the Involuntary Petition are legal conclusions to which no response is required and as such, TI denies said paragraph.

3.

Due to the fact that the Petitioning Creditors have yet to provide any information as to their alleged claims, TI reserves its right to assert additional defenses and supplement its answer after engaging in and completing pretrial discovery.

**WHEREFORE**, Tagnetics Inc. respectfully requests that this Court dismiss the Involuntary Petition with prejudice, find that the Involuntary Petition was filed in bad faith and

award Tagnetics Inc. damages under applicable law (such as costs, legal fees, consequential damages and punitive damages) and all other relief as is just and equitable.

          Respectfully submitted,

          */s/ Robert R. Kracht*
          Robert R. Kracht (0025574)
          Nicholas R. Oleski (0095808)
          McCARTHY, LEBIT, CRYSTAL
            & LIFFMAN CO., LPA
          101 West Prospect Avenue, Suite 1800
          Cleveland, Ohio 44115
          (216) 696-1422 – Telephone
          (216) 696-1210 – Facsimile
          rrk@mccarthylebit.com
          nro@mccarthylebit.com

          */s/ Pro Hac Vice Admission Pending*
          Stephen B. Stern (9706250452)
          KAGAN STERN MARINELLO & BEARD, LLC
          238 West Street
          Annapolis, Maryland 21401
          (410) 216-7900 – Telephone
          (410) 705-0836 – Facsimile
          stern@kaganstern.com

          *Counsel for Tagnetics Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following participants via email and/or U.S. First Class Mail on this 13th day of May, 2019.

**Tagnetics Inc.**
3415 RT 36
Piqua, OH 45356

**Kenneth W Kayser**
PO Box 115
Catawba, VA 24070

**Ronald E. Early**
6429 Winding Tree Dr
New Carlise, OH 45344

**Kayser Ventures Ltd**
1872 Pratt Dr
Ste 1800
Blacksburg, VA 24060

**Jonathan Hager**
2170 River Oaks Drive
Salem, VA 24153

**Robert Strain**
427 Artell St
Marcengo, IL 60152

**S-Tek Inc.**
1100 Wayne St
Suite 5000
Troy, OH 45373

*/s/ Robert R. Kracht*
Robert R. Kracht (#0025574)