IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 3:19-bk-30822 |
| | ) | |
| TAGNETICS, INC. | ) | Chapter 7 (Involuntary) |
| | ) | |
| Alleged Debtor. | ) | JUDGE GUY R. HUMPHREY |
| | ) | |

**MOTION OF TAGNETICS, INC., ALLEGED DEBTOR, FOR
CONTINUANCE OF TRIAL AND TO MODIFY OTHER DEADLINES SET
FORTH IN THE SCHEDULING ORDER (Doc. 18) ENTERED MAY 17, 2019**

Tagnetics, Inc., ("Tagnetics") through counsel, respectfully moves this Court for an order continuing the trial currently scheduled to take place on June 12, 2019 in order to permit Tagnetics sufficient time to obtain complete responses to the limited discovery requests that included written interrogatories and requests for production of documents that it served on all petitioning creditors on or about May 16, 2019 (the "Discovery Requests") and in order to provide Tagnetics with a reasonable period of time to (1) review the responses to the Discovery Requests, (2) seek and obtain complete responses to the Discovery Requests from any one or more of the petitioning creditors that were insufficient or incomplete, and (3) prepare for trial after the completion of the limited discovery sought.  Furthermore, a continuance is necessary to allow Tagnetics and the alleged corporate creditors (*i.e.*, Keyser Ventures, Ltd., and S-Tek, Inc.) to manage the scope of discovery the alleged entity creditors served upon Tagnetics.  Their discovery is overbroad, and, as of today, they served Tagnetics with an overbroad subpoena seeking all financial records dating back more than four years to be produced by Monday, June 10 – a deadline that is not feasible.  In addition, the alleged corporate creditors served an employee of Tagnetics – in his individual capacity (who resides more than 100 miles from the Court) – with an onerous and overbroad

{01329403-2}

subpoena seeking financial records of Tagnetics and other companies (including parent companies) dating back more than four years. Tagnetics must be given the opportunity to quash these improper subpoenas and this fishing expedition for discovery.

This motion is not interposed for purposes of delay, rather it is necessary in order to provide Tagnetics and its counsel a reasonable period of time to prepare its defense to the claims made by the petitioning creditors in the Petition and other matters related thereto.

In support of this motion, Tagnetics represents:

1. Promptly after filing its answer to the Petition Tagnetics issued Interrogatories and Requests for Production of Documents (the "Discovery Requests") to each of the Petitioning Creditors individually and/or through their counsel.

2. In light of the short time frame before trial, counsel for Tagnetics reached out to the Petitioning Creditors individually via mail and/or through counsel representing two of said creditors requesting their consent to provide responses to the Discovery Requests within a shortened period time, on or before May 31, 2019, as a means of expediting the receipt of information necessary for Tagnetics to review in order to properly prepare for trial in this matter. Tagnetics tailored the Discovery Requests narrowly to obtain information directed to the nature of each Petitioning Creditors claim and the document or documents that may support same so that said creditors would be able to comply with the Discovery Requests on or before May 31.

3. In order to provide the Petitioning Creditors with as much time as possible to respond to the Discovery Requests by the May 31 date requested by Tagnetics, Tagnetics expedited transmittal of the Discovery Requests to the individual Petitioning Creditors by overnight courier to ensure prompt receipt since said creditors provided on regular

mail addresses in the Petition. The Discovery Requests were also served upon counsel for the two corporate Petitioning Creditors via his email address.

4. Tagnetics received responses to the Discovery Requests from two of the Petitioning Creditors by the May 31 date requested and responses were received from Ken Kayser, Ronald Early and S-Tek Inc. on Monday, June 3 at 2:53 am, Monday, June 3 at 10:43 pm, and Tuesday, June 4th respectively. Finally, Kayser Ventures Ltd. only responded to the discovery requests *today* (June 6, 2019).

5. What is more, Tagnetics has not had sufficient time to properly review the responses that have been received from the other Petitioning Creditors. An initial review demonstrates that certain unrepresented Petitioning Creditors either failed to respond to certain interrogatories, or provided what appear to be incomplete responses or incomplete production of documents that would or should be within the scope of the limited requests contained in the Discovery Requests. As a result, it may be necessary for Tagnetics to request that certain of the Petitioning Creditors provide supplemental responses to the interrogatories and/or provide additional document responsive to the Discovery Requests in order to be able to defend against the claims asserted in the Petition at time of trial.

6. In addition to the short time period within which Tagnetics has to review the responses that it has received to the Discovery Requests and otherwise prepare for trial, Tagnetics was served with discovery requests by the two corporate petitioning creditors on May 23, 2019. However, the scope of these discovery requests is vastly overbroad and unduly burdensome, as they seek information that goes well beyond the scope of what is relevant for the hearing currently scheduled for June 12, 2019. Tagnetics and its

counsel have endeavored to search for documents that are responsive to those requests and to prepare responses to the interrogatories submitted by said creditors prior to trial. However, given the limited time available to both prepare for trial and attempt to review Tagnetics' files in order provide answers and documents that are responsive to said discovery requests, there is insufficient time to do so. If given adequate time to address these issues, Tagnetics would seek a resolution of any dispute that it has regarding the scope of said discovery requests to avoid engaging in motion practice

7. Additionally, as of today, the alleged corporate creditors served (a) Tagnetics with a subpoena to produce vast amounts of financial records dating back more than four years and (b) a Tagnetics employee (in his individual capacity) who resides more than 100 miles away from the Court with a subpoena to produce vast amounts of financial records by Monday, June 10, dating back more than four years, not only for Tagnetics, but other affiliated entities, including parent companies. These subpoenas are not appropriate, as they are on a fishing expedition for information not relevant to this case and Tagnetics should be given an opportunity either to negotiate a more reasonable scope of discovery or file appropriate motions to quash these subpoenas.

8. In view of the foregoing, Tagnetics requests that there is good cause to continue the June 12 trial date to a date that is mutually convenient to all parties. Based on an exchange of emails yesterday, June 5, 2019, between counsel for the parties and the Court's Courtroom Deputy, it appears that if the court were to entertain and grant the continuance requested herein that a date in late July, on or after July 24th was agreeable to all parties, subject, however, to input from the unrepresented Petitioning Creditors.

9. Finally, assuming the Court grants the within Motion, Tagnetics requests that the pre-trial deadlines set forth in the Courts scheduling order (Doc. No. 18) be modified to accommodate the submission of pre-trial and other filings.

WHEREFORE, Tagnetics respectfully requests that the Court grant the within Motion and continue the trial currently scheduled to take place on June 12, 2019 to date and time that is mutually convenient for the parties and the court to permit the parties to complete discovery in advance of the trial of this matter.

Respectfully submitted,

*/s/ Robert R. Kracht*
Robert R. Kracht (0025574)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rrk@mccarthylebit.com

# **CERTIFICATE OF SERVICE**

       I hereby certify that on June 6, 2019, a copy of the foregoing *Motion for Continuance of Trial* was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case as the email address registered with the court and (ii) by **ordinary U.S. Mail** on June 6, 2019 addressed to:

**Kenneth W Kayser**
PO Box 115
Catawba, VA 24070

**Ronald E. Early**
6429 Winding Tree Dr
New Carlise, OH 45344


**Jonathan Hager**
2170 River Oaks Drive
Salem, VA 24153

**Robert Strain**
427 Artell St
Marcengo, IL 60152


**U.S. Trustee**
**Asst US Trustee (Day)**
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

                                                             */s/ Robert R. Kracht*
                                                             Robert R. Kracht (#0025574)

{01329403-2}