# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-30822 |
| TAGNETICS INC. | * | CHAPTER 7 |
| INVOLUNTARY DEBTOR | * | |

**RESPONSE TO INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

FROM:    Jonathan Hager

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please state the name, address and substance of the anticipated testimony of any witness you may call at the trial of the Involuntary.

Witnesses I may call include:

Ronald E. Earley

6429 Winding Tree Dr.

New Carlisle, OH 45344


Kenneth W. Kayser

PO Box 115

Catawba, VA 24070

**INTERROGATORY NO. 2:**

Please state the name, address and substance of the anticipated testimony of any witness who will testify in support of your claim against the Debtor.

1

{01322261-1}

Ronald E. Earley

6429 Winding Tree Dr.

New Carlisle, OH 45344


Kenneth W. Kayser

PO Box 115

Catawba, VA 24070


**INTERROGATORY NO. 3:**

Please state the amounts you assert are owed to you by the Debtor and what facts support the amounts you claim you are owed.


Tagnetics owes Jonathan Hager $70,644.79 at the end of 2016. Tagnetics and Jonathan Hager entered into an Employment, Non-Competition and Proprietary Rights Agreement on July 5, 2013 with an agreed Base Salary of $155,000 per annum. Copy of the executed agreement has been provided. In 2013 and 2014 Tagnetics consistently paid at the agreed rate through standard 2-week payroll. In 2015, Tagnetics was unable to pay Jonathan Hager starting in September. Tagnetics did provide some back pay (retro pay) when able but the gross payroll for the year was $137,115.42 as indicated on the provided 2015 W-2 leaving an accrual for 2015 of $17,884.58. Tagnetics was unable to consistently pay in 2016 resulting in gross pay of $102,239.79 as indicated on the provided 2016 W-2 leaving an accrual for 2016 of $52,760.21.

Tagnetics did not issue a W-2 in 2017 or 2018. The term of Jonathan Hager's Employment Agreement with Tagnetics is one year but automatically renewed on July 5th each year unless terminated by the Employee or Company through written Notice not less than 30 days prior to expiration of a given annual term per Article II, Section 2.1. To date, no Notice has been provided by Tagnetics and no Notice has been submitted by the employee.

In September 2016, Tagnetics offered employees the option to receive compensation through common stock instead of cash through the First Amendment to Employment, Non-Competition and Proprietary Rights Agreement. Jonathan Hager had elected to receive common stock instead of cash but after one such payroll period Jonathan Hager submitted a request to return to cash payment or accrual. This notice was sent to the Company President, Ronald Earley as required In the First Amendment Agreement. Correspondence on December 8, 2016 with Lou Fernandez, acting CFO at the time, with copy to Ronald Earley, President, and John White, CEO, confirmed Tagnetics had only converted one payroll period, October 28, 2016, to stock and that all other payroll periods before and after were being accrued as cash. This is further evidenced by the 2016 W-2.

Since the Employment Agreement remains in full force due to automatic renewal, Tagnetics should have continued to accrue salary compensation in 2017 and 2018. Jonathan Hager had made requests for evidence of this accrual by attempting to contact Lou Fernandez by phone but did not receive a response. Jonathan Hager inquired about Company's status through conversations with Ronald Early by phone and Kenneth Kayser in person. In each conversation Ronald and Kenneth stated they had gotten positive outlooks from John White, CEO, suggesting

Tagnetics was entering a partnership or acquisition that would provide financial security for Tagnetics. I have not received any confirmation that one of these deals has been successful nor have I been provided any further update on the status of salary accrual or intent to pay. Contractually Tagnetics should have continued to accrue my salary and therefore would have accrued more than $400,000 in accrued salary.

In accordance with the Employment, Non-Competition and Proprietary Rights Agreement and considering the current status of Tagnetics, Jonathan Hager would like to offer two options for settlement of accrued payroll due to him.

Option 1: Jonathan Hager is requesting the payment of the accrued payroll from 2015 and 2016 and will accept Cessation of Compensation Without Cause on December 31, 2016 per the terms of Article II, Section 2.4 of the Employment, Non-Competition and Proprietary Rights Agreement. Per this section, Jonathan Hager is entitled to his base salary through this termination date, totaling $70,644.79 and 50% of the base salary, or $77,500 payable over 6 months with normal payroll practice. If Tagnetics is not running normal payroll practice, the entire sum is requested to be paid immediately totaling $148,144.79.

Option 2: Jonathan Hager will agree to terminate his Employment, Non-Competition and Proprietary Rights Agreement in writing as of July 4, 2017. Electing to terminate the agreement on that date will require Tagnetics to pay all accrued salary compensation to that date which will include the $70,644.79 accrued from 2015 and 2016 and an additional $77,500 for accrued payroll through July 4, 2017. This would make the total sum payable to be $148,144.79.

**INTERROGATORY NO. 4:**

Please state the name, address and substance of the anticipated testimony of any witness who will testify in support of your assertion that the Debtor is not paying its debts as they come due.

Ronald E. Earley, 6429 Winding Tree Dr., New Carlisle, OH 45344, John White, Compass Marketing, Inc. and Lou Fernandez (current address not known) have been copied on multiple email correspondence from vendors that have been requesting payment of past due invoices. Copies of the email correspondence have been provided. Correspondence shows a trend beginning in 2014 where Tagnetics was not paying outstanding invoices in a timely manner. In November of 2014, Amtech of San Jose, CA, a vendor for Tagnetics, requested payment status for invoices that were more than 6 months overdue. In November of 2015, Pervasive Displays of Taiwan, was requesting an update on past due amounts. These requests continued through correspondence in May of 2016 and September of 2016. American Standard Circuits, a vendor for Tagnetics, requested an update for payment of past due invoices in October 2016. A list of the invoices has been provided. MET Labs, a vendor for Tagnetics, repeatedly contacted Tagnetics about past due invoices. Copies of that correspondence for January 2017, April 2017, August 2017 and October 2017 have been provided with evidence of copy to Lou Fernandez, Ronald Earley and John White. I am not aware whether these debts are still outstanding since I do not have visibility to Tagnetics records. I provided each of these vendors with Tagnetics management contact information since I was not able to provide any insight into the plan for reconciling these accounts.

5

{01322261-1}

**INTERROGATORY NO. 5:**

Please state why you filed the Involuntary action against the Debtor, as opposed to filing suit and obtaining a monetary judgment against the Debtor in state or federal court.

I elected to join in the Involuntary Action against the Debtor since previous updates about the status of Tagnetics from Ronald Earley and Kenneth Kayser were not appearing promising. I had heard that both gentlemen had resigned from their positions on the Board of Directors. Multiple optimistic outlooks about promising partnerships or acquisitions did not come to fruition. Anticipating the financial status of Tagnetics to continue to decline I agreed with the petitioning parties that the Involuntary action require Tagnetics to respond and act on accrued salary. The group Involuntary action appeared to be a stronger position indicating Tagnetics disregard for Employment Agreements and their responsibility to the debt that needed to be addressed in its entirety instead of on an individual basis.

**INTERROGATORY NO. 6:**

Identify and describe each communication you had with Daniel White or Michael White regarding the Involuntary and/or the Debtor.

I met Daniel White and Michael White one time each in Annapolis Maryland at the offices of John White and Compass Marketing Inc. I believe I met Michael White in passing in the office with no further conversation and no subsequent correspondence. I met Daniel White when we were having a vendor meeting in the Compass Marketing offices with one potential contract

manufacturer, Foxconn. I do not recall the date of this meeting. I have not had any subsequent correspondence with Daniel White.

## IV. PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Copies of all documents that form the basis for your claim against the Debtor.

Documents provided include:

W-2s for Jonathan Hager for 2013, 2014, 2015, 2016.

Tagnetics Employment, Non-competition and Proprietary Rights Agreement for Jonathan Hager

Employee Contract Amendment Change request email

Stock for Services Cancellation email

Stock Compensation Cancellation Letter 120916

Tagnetics – Compensation Confirmation


### REQUEST FOR PRODUCTION NO. 2:

Copies of all correspondence wherein you made a demand on the Debtor for the payment of the amount you assert you are owed by the Debtor.

Documents Include:

Tagnetics – Compensation Confirmation

Other demands were made through correspondence discussed in Request for Production No. 6.


### REQUEST FOR PRODUCTION NO. 3:

Copies of all documents that were used or reviewed by you in the calculation of all claims asserted by you against the Debtor.

7

{01322261-1}

Same documents that were listed for Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 4:**

Copies of all documents used or reviewed that support your assertion that the Debtor is not paying its debts as they become due.

Documents Include:

Amtech Overdue Notice 2014 email

ASC Past Due Oct 2016 email

Report from American Standard Circuits

MET Labs Past Due emails Jan 2017, April 2017, Aug 2017, Oct 2017

Pervasive Past Due Nov 2015, May 2016, Sep 2016

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all correspondence sent to or received from any other Petitioning Creditor.

Correspondence was by telephone without any documentation.

**REQUEST FOR PRODUCTION NO. 6:**

Copies of all correspondence with any board member or officer of the Debtor that refers to or relates to or discusses your claim against the Debtor.

All correspondence regarding status of my past due accrued salary has been with Ronald Earley and Kenneth Kayser since I reported directly to them and they were Officers and Members of the Board of Directors were by telephone and therefore there are no documented records. I received updates about teaming agreements with Tyco, Hitachi, Walgreens, Johnson and Johnson, Microsoft, Qualcomm and Oracle. Each phone call we discussed the status of employment and

whether past salary would be paid. In each case they had been assured by John White, the CEO, that the next deal would make the Tagnetics solvent and to be patient. I continued to believe Tagnetics had a great product and was hopeful for success until another year passed without any successful deals in place.

**REQUEST FOR PRODUCTION NO. 7:**

Copies of all documents (whether emails, text messages, letters, or other communications) between you and Daniel White or Michael White concerning the Involuntary or the Debtor.

No documents for this request have been provided because no document exists.

Dated: May 31, 2019

Respectfully submitted.

_____

**Jonathan Hager**
2170 River Oaks Drive
Salem, VA 24153

9

{01322261-1}