IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 (Involuntary) |
| | ) | |
| TAGNETICS INC., | ) | Case No. 19-30822 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | |

**TAGNETICS INC.'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS FILED BY KAYSER VENTURES, LTD. AND S-TEK, INC.**

Tagnetics, Inc. ("Tagnetics"), by and through its undersigned counsel, hereby submits this Opposition to the Motion to Compel Production of Documents that was filed by Kayser Ventures, Ltd. ("KVL"), and S-Tek, Inc. ("S-Tek") (collectively, the "Alleged Corporate Creditors"). As discussed below, the Motion to Compel should be denied for several reasons, including the Alleged Corporate Creditors did not comply with applicable rules and the parties' settlement agreement makes the need for discovery moot.

As an initial matter, the Motion to Compel was filed in violation of Rule 37(a)(1) of the Federal Rules of Civil Procedure and the Local Rules of this Court. Rule 37(a)(1) of the Federal Rules of Civil Procedure[1] requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Rule 7026-1 of the Local Rules of this Court provides that "*[n]o* objections, *motions*, applications or requests related to discovery disputes shall be filed pursuant to the provisions of Rules 7026 through 7037 *unless extrajudicial means for the resolution of the discovery dispute have been exhausted*." Local

---

[1] Rule 7037 of the Federal Rules of Bankruptcy Procedure makes Rule 37 of Federal Rules of Civil Procedure applicable to bankruptcy proceedings.

{01341888-1}

Rule 7026-1(a) (emphasis added). Local Rule 7026-1 further requires that any motion compel must include "an affidavit of the attorney setting forth what extrajudicial means have been attempted to resolve the discovery dispute, including a statement that the movant has met in person or by telephone with the opposing attorney, or has offered in writing to meet in person or by telephone with the opposing attorney on one or more specific dates and the offer has been refused, or that the movant has not received a written response to the offer." Local Rule 7026-1(b). The Alleged Corporate Creditors failed in this regard and did not comply either with Rule 37(a)(1) or Local Rule 7026.

A cursory review of the Motion to Compel reveals that no certification or affidavit regarding good faith efforts to resolve this "dispute" was included in the motion. Indeed, the Alleged Corporate Creditors did not undertake any good faith efforts to resolve this "dispute" whatsoever, as there was no consultation or effort on the part of the Alleged Corporate Creditors to discuss this potential "dispute." The first time Tagnetics learned that there was any concern on the part of the Alleged Corporate Creditors was when it received the Motion to Compel. Thus, for this reason alone, the Motion to Compel is defective and, according to the Court's Local Rules, it must be denied.

The Motion to Compel should be denied for other reasons as well. The Motion to Compel implies that Tagnetics somehow acted in a nefarious manner by not producing documents to the Alleged Corporate Creditors, stating that "no discovery whatsoever has been provided as of 7/10/19 by Tagnetics Inc." The suggestion that Tagnetics deliberately refused to comply with its discovery obligations is false. Indeed, there was no need for Tagnetics to produce documents to the Alleged Corporate Creditors upon reaching a settlement with the Alleged Corporate Creditors, as confirmed by email on June 28, 2019. *See* Exhibit 1 (Email string between counsel for Tagnetics

and counsel for the Alleged Corporate Creditors). Notably, one of the conditions by the Alleged Corporate Creditors to enter into the settlement agreement did not include production of documents pursuant to the Agreed Order.

The fact of the settlement is and was significant, as Tagnetics did not settle this case with all the alleged creditors. Rather, three of the alleged creditors have not settled their claims with Tagnetics, and the three alleged creditors who have not reached a settlement with Tagnetics received Tagnetics' document production in accordance with the Agreed Order. *See* Exhibit 2 (Email from Tagnetics' counsel dated June 28, 2019 producing documents pursuant to Agreed Order).[2]

Thus, in light of settlement, which obviated the need for Tagnetics to produce documents to the Alleged Corporate Creditors, and the Alleged Corporate Creditors' silence about the need for documents from Tagnetics since reaching the settlement, Tagnetics was surprised to receive the Motion to Compel filed by the Alleged Corporate Creditors, which Tagnetics' counsel did not receive until after 4:30 on July 11, 2019. *See* Exhibit 3 (Email from the Alleged Corporate Creditors' counsel dated July 11, 2019, serving the Motion to Compel). Tagnetics responded almost immediately, reminding the Alleged Corporate Creditors there was no need to produce the documents in light of the settlement and, in any event, the Alleged Corporate Creditors never communicated with Tagnetics in an effort to obtain the documents. *See id.* (Email from Tagnetics' counsel to the Alleged Corporate Creditors' counsel dated July 11, 2019).

---

[2] The allegation that KVL, one of the Alleged Corporate Creditors, is somehow harmed by not directly receiving Tagnetics' document production is further belied by the fact that the owner of KVL, Kenneth Kayser, received Tagnetics' document production on June 28, 2019, in his individual capacity, as one of the parties that did not settle with Tagnetics. *See* Exhibit 2 (showing Tagnetics' document production was provided to Kenneth Kayser).

{01341888-1}

Counsel for Tagnetics and the Alleged Corporate Creditors ultimately spoke by telephone, and the Alleged Corporate Creditors agreed to withdraw their Motion to Compel within 24 hours of receiving payment pursuant to the settlement agreement. The provision of settlement agreement specifically provides:[3]

> Within twenty-four (24) hours of receipt of their respective portion of the Settlement Payment, any party to this Agreement that filed a motion to compel discovery, including, but not limited to, the motion to compel the production of documents filed by KVL and S-Tek on or about July 11, 2019, shall file an appropriate motion or other document with the court in which the Bankruptcy Proceeding is pending that advises the court that the motion to compel discovery is withdrawn as moot.

The Alleged Corporate Creditors did not provide an executed copy of the settlement agreement to Tagnetics until late afternoon on July 16, 2019.[4] The Tagnetics representative who signed the agreement was not available to sign the agreement on July 16 or 17, 2019. Tagnetics has circulated a fully executed copy of the settlement agreement to the settling parties as of the time of this filing, and Tagnetics expects to effectuate payment pursuant to the settlement agreement by the close of business on July 18, 2019, or before the Status Conference on July 19, 2019.

For these reasons, the Court should deny the Motion to Compel production of documents filed by the Alleged Corporate Creditors.[5]

---

[3] The parties were in the process of finalizing the written terms of the settlement agreement, as drafts had already been circulated when the Motion to Compel was filed. Thus, the parties agreed to modify the settlement agreement further to provide for the withdrawal of the motion to compel.

[4] The lone individual who entered into a settlement with Tagnetics, Robert Strain, had previously returned an executed copy of the settlement agreement.

[5] Tagnetics understands that, in the unlikely event that the settlement agreement somehow is not finalized or performed, it is under an obligation to promptly produce to the Alleged Corporate Creditors, and Mr. Strain, the documents it produced to the other alleged creditors who did not reach a settlement with Tagnetics.

Respectfully submitted,

*/s/ Robert R. Kracht*
Robert R. Kracht (0025574)
MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., LPA
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115
Telephone: (216) 696-1422
Facsimile: (216) 696-1210
Email: rrk@mccarthylebit.com

and

*/s/ Stephen B. Stern*
Stephen B. Stern, Admitted *Pro Hac Vice*
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Telephone: (410) 216-7900
Facsimile: (410) 705-0836
Email: stern@kaganstern.com

*Counsel for Alleged Debtor Tagnetics, Inc.*

{01341888-1}

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2019, a copy of the foregoing *Reply in Support of Motion to Dismiss and Compel Arbitration* was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) electronically by email on counsel for Tagnetics, Inc., Stephen Stern, Esq. (Stern@kaganstern.com), Douglas Draper, Esq. (ddraper@hellerdraper.com) and Leslie Collins, Esq. (lcollins@hellerdraper.com), and (iii) by **ordinary U.S. Mail** on July 18, 2019 addressed to:

**Kenneth W Kayser**
PO Box 115
Catawba, VA 24070

**Ronald E. Early**
6429 Winding Tree Drive
New Carlisle, OH 45344

**Jonathan Hager**
842 Paint Bank Road
Salem, VA 24153

**Robert Strain**
427 Artell Street
Marengo, IL 60152

**Bryan K. Stewart, Esq.**
104 West Main Street
Tipp City, OH 45371

**Stephen Stern, Esq.**
Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, Maryland 21401

**Douglas S. Draper, Esq.**
Heller, Draper, Patrick, Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130

**Leslie A. Collins, Esq.**
Heller, Draper, Patrick, Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130

**Tagnetics, Inc.**
3415 Route 36
Piqua, OH 45356

                                                */s/ Robert R. Kracht*
                                                Robert R. Kracht (#0025574)

{01341888-1}