IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 (Involuntary) |
| | ) | |
| TAGNETICS INC., | ) | Case No. 19-30822 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | |

**TAGNETICS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
AND COMPEL ARBITRATION**

Tagnetics, Inc. ("Tagnetics"), by and through its undersigned counsel, hereby submits this Reply in Support of its Motion to Dismiss and Compel Arbitration to respond to the Responses to Motion to Force Arbitration filed by alleged creditors Kenneth W. Kayser ("Kayser"), Ronald E. Earley ("Earley"), and Jonathan Hager ("Hager").[1]

In short, the Alleged Creditors[2] do not argue that their claims are not subject to the arbitration clauses in their employment agreements – indeed, their claims are subject to the arbitration clauses in their employment agreements. Instead, the Alleged Creditors argue that the Court should defer ruling on the Motions to Dismiss until the Court makes a determination regarding Tagnetics' solvency. There is no basis, however, for the Alleged Creditors to make this request and there is no basis for the Court to defer ruling on the Motion to Dismiss. Thus, Tagnetics' Motion to Dismiss and Compel Arbitration should be granted.

Section 303 of the Bankruptcy Code allows an involuntary bankruptcy petition to be filed by debt holders only if the claims are "not contingent as to liability or the subject of a bona fide

---

[1] The three alleged creditors filed two separate Responses – one was filed by Mr. Hager [Dkt. No. 56], the other was filed jointly by Messrs. Kayser and Earley [Dkt. No. 54].

[2] The Alleged Creditors shall refer to Kayser, Earley, and Hager.

1

dispute as to liability or amount." 11 U.S.C. § 303(b); *see also In re Soderberg and Schafer CPAs, LLC*, 441 B.R. 262, 263 (Bankr. N.D. Ohio 2010). The burden of establishing that the claim is non-contingent and undisputed (both as to liability and the amount) rests with the petitioning creditors. *Soderberg*, 441 B.R. at 263. "If there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 945 (6th Cir. 2007) (quoting *Booher Enters. v. Eastown Auto Co. (In re Eastown Auto Co.)*, 215 B.R. 960, 965 (B.A.P. 6th Cir. 1998)). "[I]n determining whether a claim is subject to a bona fide dispute, the bankruptcy court must not resolve any genuine issues of fact or law, it must only determine whether such issues exist." *Soderberg*, 441. B.R. at 264 (citing *Riverview Trenton*, 486 F.3d at 945).[3]

Here, the undisputed facts establish that there is a dispute both as to the liability and the amount of any potential liability. Indeed, Tagnetics disputes that it is liable to the Alleged Creditors and, if it is liable, it disputes the sum that each of the Alleged Creditors is claiming. *See* Answer to Involuntary Bankruptcy Petition [Dkt. No. 10] at pg. 1; Motion to Dismiss [Dkt. No. 44] at pg. 2, n.1. The Alleged Creditors meanwhile have not presented any evidence whatsoever that Tagnetics is in fact liable for the wages they claim they are owed or that the amount of wages (if liability exists) is in fact liquidated. The Alleged Creditors only allege that the sums they seek are owed. To determine whether the wages are in fact owed, however (which they are not), the

---

[3] The bankruptcy court, however "may be required to conduct a limited analysis of the legal issues in order to ascertain whether an objective legal basis for the dispute exists." *Soderberg*, 441 B.R. at 264.

2

{01341865-1}

Alleged Creditors must establish liability and the amount of liability through arbitration, as mandated by their employment agreements.[4]

Notably, the Alleged Creditors do not contend their claims are not subject to arbitration. In fact, they expressly "acknowledge [the] contracts contain arbitration clauses."[5] Moreover, Hager expressly acknowledges that the issue of liability and the amount of liability is in dispute. *See* Hager Response [Dkt. No. 56] (stating "I would like Tagnetics to recognize the debt that is owed to me under my employment agreement"). Meanwhile Kayser and Earley tacitly acknowledge that the issue of liability and the amount of liability is in dispute by stating the reason they filed their claim in this Court, as opposed to arbitration, is because they believe the arbitration process will be ineffective. *See* Kayser and Earley Response [Dkt. No. 54] (stating that they seek to circumvent the mandatory arbitration requirement because "legal counsel [has advised] on several occasions . . . that arbitrating . . . would likely lack efficacy [and] . . . it is uncertain whether this [C]ourt would uphold the arbitration result if Tagnetics is determined to be insolvent"). These assertions do not provide any basis whatsoever to deny Tagnetics' Motion to Dismiss and Compel Arbitration, let alone defer ruling on the Motion to Dismiss and Compel Arbitration until a determination about Tagnetics' solvency is made.

The Alleged Creditors have no right to be before this Court to address their claims, and deferring the ruling allows them to be part of this proceeding when they have no right to be here.

---

[4] For the sake of brevity, Tagnetics will not repeat the arguments it included in its Motion to Dismiss and Compel Arbitration.

[5] This express acknowledgement was made only by Kayser and Earley.

To the extent the Alleged Creditors may claim that they should be allowed to be passive observers, such "passive" participation serves no purpose and is not authorized by the Bankruptcy Code.[6]

For these reasons, as well as those set forth in Tagentics' Motion to Dismiss and Compel Arbitration [Dkt. No. 44], Tagnetics' Motion to Dismiss and Compel Arbitration should be granted, with prejudice and without further delay.  The Court should retain, jurisdiction, however, pursuant to 11 U.S.C. § 303(i) to allow Tagnetics to file a petition to recover the fees and costs it incurred in connection with the Alleged Creditors' filing their petition in this involuntary case. *See Nat'l Med. Imaging, LLC v. U.S. Bank N.A.* (*In re Nat'l Med. Imaging*), 570 B.R. 147, 156 (Bankr. E.D. Pa. 2017) (stating "bankruptcy courts clearly retain jurisdiction to consider awarding a putative debtor section 303(i) damages after the court dismisses the involuntary petition").

        Respectfully submitted,

        */s/ Robert R. Kracht*
        Robert R. Kracht (0025574)
        MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., LPA
        101 West Prospect Avenue, Suite 1800
        Cleveland, Ohio 44115
        Telephone:  (216) 696-1422
        Facsimile:  (216) 696-1210
        Email:  rrk@mccarthylebit.com

        and

---

[6] Tagnetics contends the request to remain participants in this proceeding with no valid purpose or right to be before this Court further illustrates the bad faith basis upon which these claims were brought.

{01341865-1}

        */s/ Stephen B. Stern*
        Stephen B. Stern, Admitted *Pro Hac Vice*
        KAGAN STERN MARINELLO & BEARD, LLC
        238 West Street
        Annapolis, Maryland 21401
        Telephone:  (410) 216-7900
        Facsimile:  (410) 705-0836
        Email:  stern@kaganstern.com

        *Counsel for Alleged Debtor*
        *Tagnetics, Inc.*

{01341865-1}

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2019, a copy of the foregoing *Reply in Support of Motion to Dismiss and Compel Arbitration* was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) electronically by email on counsel for Tagnetics, Inc., Stephen Stern, Esq. (Stern@kaganstern.com), Douglas Draper, Esq. (ddraper@hellerdraper.com) and Leslie Collins, Esq. (lcollins@hellerdraper.com), and (iii) by **ordinary U.S. Mail** on July 18, 2019 addressed to:

**Kenneth W Kayser**
PO Box 115
Catawba, VA 24070

**Ronald E. Early**
6429 Winding Tree Drive
New Carlisle, OH 45344

**Jonathan Hager**
842 Paint Bank Road
Salem, VA 24153

**Robert Strain**
427 Artell Street
Marengo, IL 60152

**Bryan K. Stewart, Esq.**
104 West Main Street
Tipp City, OH 45371

**Stephen Stern, Esq.**
Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, Maryland 21401

**Douglas S. Draper, Esq.**
Heller, Draper, Patrick, Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130

**Leslie A. Collins, Esq.**
Heller, Draper, Patrick, Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130

**Tagnetics, Inc.**
3415 Route 36
Piqua, OH 45356

                              */s/ Robert R. Kracht*
                              Robert R. Kracht (#0025574)