FILED

SEP 23 2019

RICHARD JONES
CLERK OF COURT
U.S. BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-30822 |
| TAGNETICS INC. | * | CHAPTER 7 |
| INVOLUNTARY DEBTOR | * | |

## RESPONSE TO MOTION TO FORCE SETTLEMENT

**FROM: Kenneth W. Kayser, Ronald E. Earley, Jonathan Hager**

On July 19, Tagnetics' council Steven Stern requested by email our terms for settlement. On July 20, we responded by email with the document shown in exhibit 1. Because of the short time available, we agreed among ourselves that the minimum we would settle for was an amount computed as if our contracts had ended without penalty on 6/30/2017 and that any other obligations to us that Tagnetics had would be pushed out to a liquidity event. This amounted to a greater than 50% reduction of our contract claims as reflected on Tagnetics' balance sheet.

On July 23 Stern replied that because of Tagnetics' lack of funds he was requesting a schedule for the payments which we agreed to have Ron Earley negotiate. Over the next 3 days, Earley and Stern came to an agreement on a schedule of payments. Earley was only authorized by Kayser and Hager to negotiate the schedule with the understanding that remainder of the terms in the July 20 proposal was inviolate. At no time during this period did Stern and Earley negotiate any revision to the terms of the July 20 proposal except the payment schedule. The schedule is shown in exhibit 2. The documents do not contain the rest of the terms because Earley was only negotiating the payment schedule and this negotiation was left to last minute by Stern and is not evidence that we had relinquished those terms. There was no negotiation over this period with Stern concerning any terms other than the schedule with the exception of a phone call from Stern requesting that Tagnetics retain the right to sue us to which we replied NO. His response was "OK, no carve-out". This in no way was us relinquishing our terms of July 20. If it is to be interpreted as that, it was intentionally misleading.

Between us we have 18 years of higher education. We understand the English language. We negotiated many contracts over our careers as executives. We did not and do not obviate the terms of the July 20 proposal.

Three months have passed with no attempt by Tagnetics or their council to resolve our differences. There has been no revision to settlement agreement authored by Stern which does not reflect what we agreed to. Exhibit 3 is a red-line of that agreement which we generated with the help of council to match what we agreed to. Exhibit 4 is the clean version of our agreement.
If the court deems to enforce a settlement agreement, we respectfully request that the document reflect what we agreed to.

1

{01322265-1}

Kenneth W. Kayser    9/23/2019

Jonathan Hager    9/23/2019

Ronald E. Earley    9/23/2019

{01322265-1}