**From:** Jon Hager <pufferboater@gmail.com>
**Sent:** Friday, July 26, 2019 4:36 PM
**To:** Stephen Stern
**Cc:** Ronald Earley; Ken Kayser
**Subject:** Re: Tagnetics - Potential Settlement

Stephen,

To make sure there is no confusion, we are confirming the following payment schedule and amount as part of this agreement.

|  | Timing | Ronald E. Earely | Kenneth W Kayser | Jonathan Hager |
|---|---|---|---|---|
| Initial Payment |  | $30,000 | $30,000 | $30,000 |
| 2nd Payment | 12mos from initial payment | $30,000 | $30,000 | $30,000 |
| 3rd Payment | 18mos from initial payment | $30,000 | $30,000 | $30,000 |
| Balance as a note | Paid upon the next liquidity event | $96,980 | $61,582 | $58,144 |
| TOTAL Settlement |  | $186,980 | $151,582 | $148,144 |

On Fri, Jul 26, 2019 at 4:10 PM Stephen Stern <Stern@kaganstern.com> wrote:
Thank you

Get Outlook for iOS

---

**From:** Jon Hager <pufferboater@gmail.com>
**Sent:** Friday, July 26, 2019 4:09:37 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Cc:** Ronald Earley <ronald.earley1@gmail.com>; Ken Kayser <drkwkayser@gmail.com>
**Subject:** Re: Tagnetics - Potential Settlement

Stephen,

The court will be calling you momentarily to confirm we have an agreement among all parties.

On Fri, Jul 26, 2019 at 3:58 PM Jon Hager <pufferboater@gmail.com> wrote:
Stephen,

I will clarify that we agree to the terms you set forth in your last email and represented below.

Key Terms:

Payment of $90,000 total ($30,000 each) within three days of a fully executed agreement.



The remaining schedule of payments as you proposed below, except in 12 and 18 months instead of 6 and 12 months.

Full mutual releases (no carve outs)

Dismissal/withdrawal of claims by each of you to be filed within one day of receiving payment

On Fri, Jul 26, 2019 at 3:56 PM Jon Hager <pufferboater@gmail.com> wrote:
Stephen

Mr. Earley is discussing this with the court at this moment. I am responding for Kayser, Earley and Hager saying we agree to the terms put forth as documented above.

On Fri, Jul 26, 2019 at 3:27 PM Stephen Stern <Stern@kaganstern.com> wrote:
Ron, Ken, and Jon:

Below sets forth the terms of the agreement we reached by phone. Each of you please reply confirming agreement to these terms and then I need you to initiate a call with the court to advise of the settlement (it makes no sense for any of us to have to show up at court on Monday now that we have an agreement in place that will be documented more thoroughly in a settlement agreement. We can work on the written settlement agreement over the weekend.

Key Terms:

Payment of $90,000 total ($30,000 each) within three days of a fully executed agreement.

The remaining schedule of payments as you proposed below, except in 12 and 18 months instead of 6 and 12 months.

Full mutual releases (no carve outs)

Dismissal/withdrawal of claims by each of you to be filed within one day of receiving payment

I believe this captures the key terms we discussed. Please confirm.

Stephen

Get Outlook for iOS

---

**From:** Stephen Stern <Stern@kaganstern.com>
**Sent:** Friday, July 26, 2019 8:24 AM
**To:** Ronald Earley
**Cc:** Ken Kayser; ctravlr@comcast.net; Robert R. Kracht (rrk@mccarthylebit.com); Nicholas R. Oleski (nro@mccarthylebit.com); Douglas S. Draper (ddraper@hellerdraper.com); Leslie Collins; Jonathan Kagan
**Subject:** Re: Tagnetics - Potential Settlement

Ron:

While we appreciate your logic around the $90k number, you are miscalculating the company's situation. We had hoped to negotiate with you outside of court on a settlement while the parties pursued arbitration, as the terms of your contracts require, but the court ruled against that. The company does not have an ability to raise another $90k+ in the near term.

2

Now, unfortunately, the options to avoid substantial risk on both sides is very limited. If the three of you prevail on Monday, your claims will be worthless, and Ken and Bob (as well as S-Tek and counsel for KVL and S-Tek) will have to return the money they received last week. If Tagnetics prevails, the company will move to require that you pay all of Tagnetics' attorneys' fees and litigation costs in this matter, which are significant and growing by the day.

Tagnetics (and I) cannot understand why each of you are pursuing a course of action that essentially guarantees you will not get paid the amounts you claim you are owed. The company has made a reasonable proposal. I would like to hear back from each of you on the company's most recent proposal (Ken and Jon, I have not heard back from you and would like to know your position as well).

As before, in light of the risks involved, I suggest you seek advice from bankruptcy counsel. The path you have chosen seems counterproductive and contrary to the outcome you claim to seek.

Stephen

Get Outlook for iOS

---

**From:** Ronald Earley <ronald.earley1@gmail.com>
**Sent:** Thursday, July 25, 2019 1:25 PM
**To:** Stephen Stern
**Cc:** Ken Kayser; ctravlr@comcast.net; Robert R. Kracht (rrk@mccarthylebit.com); Nicholas R. Oleski (nro@mccarthylebit.com); Douglas S. Draper (ddraper@hellerdraper.com); Leslie Collins; Jonathan Kagan
**Subject:** Re: Tagnetics - Potential Settlement

Stephen,

They raised $90,000 for the first settlement, they should be able to find another $90,000 for us. Here is my counter proposal:

|  | Ronald E Earley | Kenneth W Kayser | Jon Hager |
|---|---|---|---|
| Initial Payment | $30,000 | $30,000 | $30,00 |
| Second payment 6 mo. | $30,000 | $30,000 | $30,000 |
| Third payment 12 mo. | $30,000 | $30,000 | $30,000 |
| Balance as a note to be paid upon liquidity event | $96,980 | $61,582 | $58,144 |
|  | $186,980 | $151,582 | $148,144 |

Best regards,
Ron Erley
Cell: 937-609-2825

On Thu, Jul 25, 2019 at 12:42 PM Stephen Stern <Stern@kaganstern.com> wrote:
Ron:

It seems silly - and, quite frankly, odd - to simply cut off negotiations. If there is a counteroffer you would like Tagnetics to consider, please send it and I will forward it to the company for consideration. Continuing down this path essentially guarantees that you, Ken, and Jon do not receive any money and each of you are at risk for having to pay money (and the money that Ken received last week in settlement through KVL is subject to a preference and will have to be returned if the court imposes a bankruptcy on the company).

I look forward to your response.

Stephen

Get Outlook for iOS

---

**From:** Ronald Earley <ronald.earley1@gmail.com>
**Sent:** Wednesday, July 24, 2019 7:43:48 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Cc:** Ken Kayser <drkwkayser@gmail.com>;ctravlr@comcast.net <ctravlr@comcast.net>; Robert R. Kracht (rrk@mccarthylebit.com) <rrk@mccarthylebit.com>; Nicholas R. Oleski (nro@mccarthylebit.com) <nro@mccarthylebit.com>; Douglas S. Draper (ddraper@hellerdraper.com) <ddraper@hellerdraper.com>; Leslie Collins <lcollins@hellerdraper.com>; Jonathan Kagan <kagan@kaganstern.com>
**Subject:** Re: Tagnetics - Potential Settlement

Stephen,

No chance.

Look forward to meeting you on Monday.

Ron Earley
Cell: 937-609-2825

Sent from my iPhone

On Jul 24, 2019, at 5:56 PM, Stephen Stern <Stern@kaganstern.com> wrote:

> FOR SETTLEMENT PURPOSES ONLY
>
> Ron, Ken, and Jon:
>
> Thank you for the revised demand. This structure is more in line with what Tagnetics thinks is feasible, but the initial payment is way too high for a cash strapped company. As you are aware, Tagnetics just made a $90,000 payment to settle the other claims in this case and its ability to make substantial up front payments along the lines you proposed is not realistic. Instead, Tagnetics proposes the following:
>
> Initial payment of $5,000 (not $50,000) to each of you within five calendar days of you dismissing your claims. [This agreement is contingent on the court accepting your motions to dismiss]. The remaining $45,000 would be rolled to the final scheduled payment to each of you.
>
> The remainder of the payment schedule after the initial payment you proposed is acceptable, provided that payments are contingent on Tagnetics closing the 7 figure investment the company's counsel (Taft) is in advanced negotiations over (while the company has an executed term sheet, we can work on the terminology to make the obligation around the agreement to pay more definite). If the revenue or investment is not received in time when a payment is due, the payment would be deferred, not permanently excused. We will include a reporting mechanism so you are informed of the status of Tagnetics' financial position and whether the payment(s) is due. The financial information that is disclosed would be kept confidential.
>
> For clarification, and again why I encourage each of you to seek your own legal advice, by continuing down the path of the bankruptcy proceeding, I believe one of two outcomes is guaranteed to happen, neither of which is good for the three of you. One outcome is you prevail,

4

in which case the company is forced into bankruptcy and you get nothing. Also, the $90,000 received last week would have to be returned because it was paid within 90 days of a bankruptcy. The other outcome is Tagnetics prevails, in which case Tagnetics will promptly file a fee petition to collect all the attorneys' fees and litigation expenses it incurred in this litigation (in other words, you not only get nothing from Tagnetics, you have to pay Tagnetics). The fair plan we propose allows each of you to collect some money immediately, and the realistic possibility of collecting more than six figures in total following Taft closing the current investment or the company being sold.

Lastly, the company believes it is in its best place commercially in the history of the company. Tagnetics welcomes you to review the business of the company with management as you make your decision. Tagnetics and I cannot understand why you would want to hurt the company, your partners, and yourselves. Tagnetics encourages you to contact management if you would like to discuss.

Please let me know your thoughts. As you know, time is short and we would need time to draft an agreement that works and everyone signs if we are going to avoid a trial.

Stephen

Get Outlook for iOS

---

**From:** Ronald Earley <ronald.earley1@gmail.com>
**Sent:** Tuesday, July 23, 2019 1:34 PM
**To:** Stephen Stern
**Cc:** Ken Kayser; ctravlr@comcast.net; Robert R. Kracht (rrk@mccarthylebit.com); Nicholas R. Oleski (nro@mccarthylebit.com); Douglas S. Draper (ddraper@hellerdraper.com); Leslie Collins; Jonathan Kagan
**Subject:** Re: Tagnetics - Potential Settlement

Stephen,

Here is our offer after your e-mail this morning. Let me know if there is any interest.

|  | Ronald E Earley | Kenneth W Kayser | Jon Hager |
|---|---|---|---|
| Initial Payment | $50,000 | $50,000 | $50,000 |
| Second payment 6 mo. | $25,000 | $25,000 | $25,000 |
| Third payment 12 mo. | $25,000 | $25,000 | $25,000 |
| Balance as a note to be paid upon liquidity event | $86,980 | $51,582 | $48,144 |
|  | $186,980 | $151,582 | $148,144 |

On Tue, Jul 23, 2019 at 10:46 AM Stephen Stern <Stern@kaganstern.com> wrote:
FOR SETTLEMENT PURPOSES ONLY

Ken, Ron, and Jon:

I am in receipt of your demand to resolve the litigation involving Tagnetics. While I and the Tagnetics team appreciate the overture to try to reach a negotiated resolution, the demand you put forward is not realistic.

5

As you know, the company is short on cash at the moment and cannot afford payments along the lines of what you proposed. A more realistic structure would involve the following: a modest up front payment, then a schedule of payments based on the company's revenue/cash position to be evaluated each quarter (until the total amount agreed upon is paid). We can include a buyout/equity event provision as well. We also can include a default judgement provision if Tagnetics fails to cure a missed payment that is properly due based on the payment terms (this last provision is intended to demonstrate in part that Tagnetics is serious about a resolution and is not trying to jerk you around as you incorrectly suspect it is).

Insisting on any other structure than what I have outlined above all but assures that we proceed with the bankruptcy proceeding. And, if you actually prevail, all that means is the company is placed in bankruptcy and you do not receive any payment whatsoever (or, if you receive any payment, it is likely to be nominal at most). Plus, the payments that were made pursuant to the settlement agreement last week will be subject to a preference and they will need to be returned. Thus, proceeding down this path does not achieve your desired outcome of you (or any of the other settling parties) getting paid.

Furthermore, you should be aware that Tagnetics intends to seek recovery of the fees and costs it incurred in this litigation if it prevails on the motion to dismiss or if it prevails at trial. In other words, there is a risk that you will have to pay money at the end of the day. You do not need to take my word about these risks; you can and should seek your own counsel, as I am sure he/she will tell you the same thing.

If this alternative, more realistic, structure is acceptable in concept, let us know and hopefully we will figure out a path forward.

Stephen


Get Outlook for iOS

---

**From:** Ken Kayser <drkwkayser@gmail.com>
**Sent:** Saturday, July 20, 2019 4:54:30 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Cc:** ronald.earley1@gmail.com <ronald.earley1@gmail.com>;ctravlr@comcast.net <ctravlr@comcast.net>; Robert R. Kracht (rrk@mccarthylebit.com) <rrk@mccarthylebit.com>; Nicholas R. Oleski (nro@mccarthylebit.com) <nro@mccarthylebit.com>; Douglas S. Draper (ddraper@hellerdraper.com) <ddraper@hellerdraper.com>; Leslie Collins <lcollins@hellerdraper.com>; Jonathan Kagan <kagan@kaganstern.com>
**Subject:** Re: Tagnetics - Potential Settlement


Steven
As time is very short, you should consider this as our final offer. If your client agrees to these terms,
we will send a letter to the judge indicating we have reached an agreement. This entire transaction
must be completed, including the transfer of funds, in time to cancel the trial.

We will agree to settle for an amount computed as if the contracts ended on 6/30/2017 without penalty.

6

These calculations take into account the amount paid according to W2's received from Tagnetics. No benefits or unpaid expenses are claimed except for 10 months at $1400 of life insurance stipend included
in the amount due Kayser. The totals we agree to settle for are:
Ron Earley   $186980
Ken Kayser   $151582
Jon Hager    $148144
TOTAL        $486706

The settlement agreement must include:
A mutual release of all issues arising from our employment by Tagnetics, our role as directors of Tagnetics,
and our participation in the petition for involuntary bankruptcy,

An acknowledgement of Kayser's and Earley's stock ownership, confirmation of number of shares, and
unrestricted shareholder's rights,

Agreement that all provisions of our contracts, including non compete, have expired or are cancelled

Acknowledgement of an outstanding loan from Ron Earley to Tagnetics, principal plus interest to be paid
upon sale (to be defined) of Tagnetics. Principal is $30000 and current balance is approximately $60,000.

Acknowledgement of KVL Core Technology License, $250,000 to be paid upon transfer, sale, or license of
Tagnetics' shelf tag technology or the sale of the company,

Acknowledgement of $315,000 of differed salary to be paid to Kayser upon sale of Tagnetics or other liquidity event.

Kenneth W Kayser
Ronald E Earley
Jonathon Hager

On Fri, Jul 19, 2019 at 4:14 PM Stephen Stern <Stern@kaganstern.com> wrote:

Ken:

Following up on our conversation, this email identifies everyone who should be copied on email communications regarding potential settlement discussions. As I mentioned, I expect to have cell service when I am in Canada over the weekend and next week. In the event I do not, Tagnetics' other counsel are copied on this email and I have copied my partner, Jonathan Kagan, who I will bring up to speed in case he needs to step in with any communications with Tagnetics.

7

Also, just so you have it in case you need to reach me to talk, my cell is (443) 924-0372.

Thank you,

Stephen

<image003.png>    **Stephen B. Stern, Esq.**
stern@kaganstern.com


**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)

(410) 216-7900, ext. 1009

(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

--
Jon
540-529-6887


--
Jon
540-529-6887


--
Jon
540-529-6887


--
Jon
540-529-6887

8