FILED
2019 NOV 12 PM 3: 14
CLERK OF COURT
U.S. BANKRUPTCY COURT
DAYTON, OHIO

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-30822 |
| TAGNETICS INC. | * | CHAPTER 7 |
| INVOLUNTARY DEBTOR | * | |

**RESPONSE TO MOTION TO STAY THE COURT'S OCTOBER 25, 2019 ORDER**

**FROM: Jonathan Hager and Ronald Earley**

We have read the Request by Tagnetics to Stay the Bankruptcy Court Order of October 25, 2019 ("Request"). The pro se parties request the Court does not grant the Motion by Tagnetics to Stay the Court Order.

Item 2 in the Request references the timing of the initial payment due to Hager, Earley and Kayser. The Order states the initial payment must be made within 3 days of the entry of Judge Humphrey's Order. The Order was made in response to Tagnetics earlier Motion to Enforce Settlement Agreement. Tagnetics was granted that motion following the evidentiary hearing held on October 18, 2019. In that hearing Tagnetics made clear the terms of the settlement were exactly as detailed in the email correspondence at the end of the day on Friday July 26, 2019. In the email from Stern to the pro se parties at 3:27 pm, it was set forth that the initial payment of $30,000 each would be made within 3 days of a fully executed agreement and that the subsequent payments would be made at 12 and 18 months from the fully executed agreement. Since the Order represents a fully executed settlement agreement, as referenced in the Motion to Stay by Tagnetics ("initial payment under the settlement agreement") it seems accurate and appropriate that the initial payment be made according to the schedule that was requested by Tagnetics and subsequently enforced by Judge Humphrey's Order. Since there is no ambiguity in the Order with respect to the Key Payment Terms originally requested by Tagnetics. We respectfully request the Court does not grant the Motion by Tagnetics to Stay the Court Order.

In the Tagnetics' Application for Attorneys' Fees they provided the purpose for the appeal was to add a material item to the settlement that the Court determined was not part of the parties' agreement. Tagnetics argued at the Evidentiary Hearing that the agreement was defined by the email at 3:27 pm on Friday July 26 from Stern to the pro se parties. The subject of that email was "Re: Tagnetics Potential Settlement." The email stated the key terms of the agreement that were confirmed by the Court. All material terms of the agreement were defined by that email. The parties to that email were Tagnetics, the entity represented by Stern, and pro se parties, Hager, Earley and Kayser. Any key terms of the agreement, including the call out for full mutual release (no carve outs) clearly applied to those 4 parties to the settlement. Any request for inclusion of related parties, was denied by the Court on the simple basis that they were not referenced or party to this email transmission of the settlement agreement. We respectfully request the Court does not grant the Motion by Tagnetics to Stay the Court Order.

In the event the Stay is granted, we request the Court consider that attorney fees incurred by Tagnetics beyond October 25, 2019 not be included in the request for attorney fees for compensatory damages. The pro se parties had agreed to the Courts Order of October 25, 2019 in which Tagnetics prevailed by being granted forced settlement under the terms of the email they referenced as representing the settlement. In addition, if the Court grants the Stay and the approves the bond as security for the stay, we request the

Court increase the bond amount to cover a nominal interest rate be added for the delay in payments for the period beginning Oct 31, 2019 through the date the Court rules on the Appeal.

Respectfully submitted November 12, 2019,

_____

Jonathan Hager, pro se

842 Paint Bank Rd

Salem, VA 24153

Email: ctravlr@comcast.net

_____

Ronald E. Earley, pro se

6429 Winding Tree Drive

New Carlisle, OH 45344

Email: roanld.earley1@gmail.com