This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

Guy R. Humphrey
United States Bankruptcy Judge

Dated: November 15, 2019

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re: TAGNETICS INC., | Case No.  19-30822<br><br>Judge Humphrey<br>Chapter 7 |

**Order Denying Tagnetics' Motion to Stay Court's October 25, 2019 Order and for Approval of a Supersedeas Bond (Doc. 125)**

  This matter is before the court on *Tagnetics' Motion to Stay this Court's October 25, 2019 Order . . . and for Approval of Supersedeas Bond* (the "Stay Motion") (doc. 125), which was filed on October 30, 2019. Following a hearing on October 18, 2019, the court rendered an oral decision and subsequently entered an *Order Granting in Part Tagnetics' Motion to Enforce Settlement Agreement . . . and Ordering Other Matters* (the "Order Enforcing Settlement") (doc. 119). The Stay Motion requests an order staying the payments due under the Order Enforcing Settlement and the approval of a bond. Under the court's order, the first payments were due October 30, 2019.

  Tagnetics also filed a notice of appeal and elected to have the district court hear that appeal. However, a motion seeking a stay pending an appeal from a bankruptcy court's order is ordinarily raised with the bankruptcy court, as Tagnetics did in this case. Fed. R. Bankr. P. 8007(a). Tagnetics neither included a 21 day notice to respond with its Stay Motion, as

required by Local Bankruptcy Rule 9013-1, nor did it seek expedited relief on the Motion under Local Bankruptcy Rule 9073-1. Accordingly, the court issued its own order requiring any responses to the Stay Motion be filed by November 12, 2019. On November 12th, petitioning creditors Jonathan Hager and Ronald Earley filed a response opposing the issuance of a stay. In addition, on that same date, petitioning creditor Kenneth Kayser filed a response incorporating Hager's and Earley's response and urging the court to proceed with a trial on the involuntary bankruptcy petition filed by the petitioning creditors against Tagnetics.

Tagnetics asks for a stay based solely upon the issuance of a $180,000 bond. However, unlike Rule 62 of the Federal Rules of Civil Procedure, there is no stay of a judgment as of right under Federal Rule of Bankruptcy Procedure 8007. *In re 1600 Royal Palm, LLC*, Case No. 18-19941-EPK, 2019 WL 4419236, at *2 (Bankr. S.D. Fla. Aug. 20, 2019) (citing Collier on Bankruptcy, ¶ 8007.06 (Richard Levin & Henry J. Sommer).

Although Tagnetics fails to cite or rely upon it, Rule 62 of the Federal Rules of Civil Procedure, incorporated into the Federal Rules of Bankruptcy Procedure through Rule 7062,[1] allows for a stay upon the posting of an appropriate bond. However, absent the court specifically ordering otherwise, which it finds no basis to do, Federal Rule of Bankruptcy Procedure 7062 does not apply to a contested matter, only adversary proceedings. Fed. R. Bankr. P. 7062 and 9014(c). An involuntary petition is considered a contested matter, not an adversary proceeding. *McMillan v. Schmidt (In re McMillian)*, 614 Fed. Appx 206, 210 (5th Cir. 2015). Even if it is assumed for argument that the involuntary petition was an adversary proceeding, a motion within an adversary proceeding is also a contested matter. *See In re Tobacco Rd. Assocs., LP*, 2007 U.S. Dist. LEXIS, Civil No. 06-CV-2637, at *26-27 (E.D. Pa. March 30, 2007) (a proceeding within an involuntary petition is a contested matter).

Therefore, in order to obtain a stay, Tagnetics must satisfy the four--part test set forth in *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*:

> (1) the likelihood the party seeking the stay will prevail on appeal;
> (2) the likelihood the moving party will be irreparably harmed absent a stay;
> (3) the prospect others will be harmed if the court grants a stay; and
> (4) the public interest in granting a stay.

945 F.2d 150, 153 (6th Cir. 1991). *See also In re Dow Corning Corp.*, 255 B.R. 445, 542 (E.D. Mich. 2000) ("A party seeking a stay must meet the [*Griepentrog*] factors which apply to an appeal of a bankruptcy court's order to the district court[.]"). This is true regardless of whether a bond is required and posted.[2] These factors, which are essentially the same factors as required

---

[1] Bankruptcy Rule 7062 provides a 14 day "automatic stay" for orders which are covered by that rule, as opposed to the 30 day stay which FRCP 62(a) provides, since the appeal time for bankruptcy orders is 14 days while the appeal period for non-bankruptcy civil appeals is 30 days.

[2] If a stay is warranted, the stay may be conditioned upon a bond. Fed. R. Bankr. P. 8007(a)(1)(B) (effective Dec. 1, 2018).

for the granting of a preliminary injunction under Federal Rule of Civil Procedure 65,[3] should be balanced together. *Griepentrog*, 945 F.2d at 153; and *Dow Corning*, 255 B.R. at 542. The party seeking a stay pending appeal from a bankruptcy court order bears the burden of showing that a stay is justified under the facts. *In re Stewart*, 604 B.R. 900, 905 (Bankr. W.D. Okla. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Whether to grant a stay is within the bankruptcy court's discretion. *Stewart* at 905; *In re Bullock*, 603 B.R. 411, 415 (Bankr. S.D. Ill. 2019).

Tagnetics did not argue in the Stay Motion how the *Griepentrog* factors support the issuance of a stay in this case. Having not even argued that it can meet the four-part test, the court finds that Tagnetics has not carried its burden to establish why the circumstances warrant the issuance of a stay. The court, therefore, finds that a stay is not warranted and the Stay Motion is **denied**.

This order is, of course, without prejudice to any stay relief Tagnetics may seek from the District Court. *See* Fed. R. Bankr. P. 8007(b).

**IT IS SO ORDERED.**

Copies to:

All Creditors and Parties in Interest

Douglas S. Draper, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130

Leslie A. Collins, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130

---

[3] *See Griepentrog* at 153. *See also In re Bullock*, 603 B.R. 411, 415 (Bankr. S.D. Ill. 2019), *citing In the Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 763, 766 (7th Cir. 1997).