**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: December 6, 2019**

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re:  TAGNETICS INC., | Case No.   19-30822<br><br>Judge Humphrey<br>Chapter 7 |

**Order Granting Leave to Petitioning Creditors to File Objection or Response to Tagnetics' Application for Attorney Fees Incurred in Enforcing Settlement Agreement With Petitioning Creditors (Doc. 150) and Ordering Other Matters**

      This matter is before the court on the *Motion to Extend Response Time* (doc. 150) (the "Motion") filed by Petitioning Creditors Kayser, Earley, and Hager on December 3, 2019 seeking an extension of time or leave to file a response to *Tagnetics' Application for Attorneys' Fees as Compensatory Damages Pursuant to the Court's October 25, 2019 Order* (doc. 135) (the "Application") filed on November 8, 2019. The court is construing the Motion as a motion for leave to file the response out of time because any objection or response to the Application was due no later than November 22, 2019.[1]

---

[1] The *Order Fixing Date for Filing Application for Attorney Fees as Compensatory Damages and Ordering Other Matters* (doc. 120) provided the remaining petitioning creditors with 14 days from the filing and service of the Application to file any response to the Application. The Application was filed and served on November 8, 2019, making the remaining petitioning creditors' response due by November 22, 2019. Contrary to the assertion in the Motion, intervening weekends and holidays are counted in computing the 14 days. See Federal Rule of Bankruptcy Procedure 9006(a)(1).

Despite the remaining petitioning creditors' erroneous computation of their response time for the Application and the fact that the debilitating condition encountered by Mr. Kayser after the November 22, 2019 response time should not have prevented Messrs. Earley and Hager from filing a response to the Application, the court determines that it would be in the interests of justice to grant the remaining petitioning creditors an additional amount of time to respond to the Application. Accordingly, the court grants petitioning creditors Kayser, Earley, and Hager until and including December 16, 2019 to file a response to the Application.

However, the court notes that parties to this case have failed to comply on multiple occasions with the rules governing filings in this court.  For example, the subject Motion failed to include a 21-day notice as required by Local Bankruptcy Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Ohio.[2] Also, as noted, the Motion contradicts Rule 9006(a)(1) with respect to the computation of the response time to the Application and the petitioning creditors failed to timely respond to the Application. However, such rule violations have not been limited to the pro se petitioning creditors.  Tagnetics, through its legal counsel, has also failed to comply with such rules. For instance, in its recent *Motion To Stay Pending Appeal* (doc. 125), Tagnetics also failed to attach a 21-day notice or to seek expedited relief on its *Motion* in accordance with Local Bankruptcy Rule 9073-1. While the court diligently attempts to adjudicate matters on their merits and to not interpose rules in a manner to deny or delay justice, including as relates to pro se parties and counsel, it is incumbent upon all persons and parties appearing before the court, including both legal counsel and pro se parties, to familiarize themselves with the applicable rules governing filings and proceedings in this court. Failure to comply with those rules results in the court's and its staff's unnecessary expenditure of time and resources which can and should be used on other matters.  The court currently has a caseload exceeding 5,500 cases and, accordingly, must use its time and resources as efficiently as possible. For these reasons, noncompliance with the rules governing filings and matters before this court in this case will no longer be tolerated. Any filings made in this case which fail to comply with applicable rules will be denied or noticed or ordered to be remedied. Any failure to comply with such mandates of the court will be addressed by the court.

**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND THE COURT'S LOCAL BANKRUPTCY RULES, IN ADDITION TO OTHER MATERIALS AND LINKS TO OTHER MATERIALS, CAN BE FOUND ON THE COURT'S WEBSITE AT www.ohsb.uscourts.gov.**

**ACCORDINGLY, THE REMAINING PETITIONING CREDITORS, KENNETH KAYSER, RONALD EARLEY, AND JONATHAN HAGER, ARE GRANTED UNTIL AND INCLUDING DECEMBER 16, 2019 TO FILE AND SERVE A RESPONSE TO THE APPLICATION. IT IS FURTHER**

---

[2] Had the petitioning creditors sought to extend the response time within the November 22nd deadline, it would have been covered by General Order 12-3, and therefore the motion would not have required a 21-day notice. An extension *out of time* seeks additional relief that generally requires cause for the failure to seek an extension within the deadline. As noted, the court is extending the deadline in the interests of justice in these particular circumstances.

**NOTED THAT IN THE FUTURE THE COURT WILL BE STRICTLY APPLYING ALL OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND THE LOCAL BANKRUPTCY RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO AS TO ALL FILING PARTIES IN THIS MATTER. ANY FILINGS MADE BY ANY FILING PARTY WHICH DO NOT COMPLY WITH THOSE RULES WILL BE DENIED, WITH OR WITHOUT PREJUDICE, AS MAY BE APPROPRIATE.**

**IT IS SO ORDERED.**

Copies to: All Creditors and Parties in Interest, Plus

Douglas S. Draper, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130
Leslie A. Collins, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130