UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO (DAYTON)

IN RE:               *           CASE NO. 19-30822

TAGNETICS INC.       *           CHAPTER 7

INVOLUNTARY DEBTOR   *

## RESPONSE TO TAGNETICS APPLICATION FOR ATTORNEY FEES AS COMPENSATORY DAMAGES

### FROM: Jonathan Hager, Kenneth Kayser, and Ronald Earley

We have received *Tagnetics' Application for Attorneys' Fees as Compensatory Damages* [Doc. No. 134] pursuant to the Court's October 25, 2019 Order. The application includes an itemized accounting for estimated hours accrued by Tagnetics Counsel to file a *Motion to Enforce Settlement Agreement* [Doc. No. 101] and their time allotted to preparation and attendance of the Evidentiary Hearing and subsequent Oral Decision by the Court. Tagnetics has claimed these fees as compensatory damages due to the pro se party's disagreement that the draft Settlement Agreement they received did not represent the terms and conditions that were agreed to on July 26, 2019.

Tagnetics claims that the pro se parties, Hager, Kayser, and Earley, breached Tagnetics' proposed settlement agreement stating that the draft Settlement Agreement received via email on August 14th represented the settlement terms as stated in the email from Stern on July 26 at 3:27 pm. Counsel for Tagnetics testified under oath in the Evidentiary hearing that the terms put forth in the July 26 email represented the entire terms and conditions of the settlement. The Court's Order *Granting in Part Tagnetics' Motion to Enforce Settlement Agreement* [Doc No. 119] was based on and agreed with that assertion.

Tagnetics has subsequently filed an Appeal to the Court's Order seeking additional terms to be added to the settlement. In Tagnetics' *Application for Attorneys' Fees as Compensatory Damages* [Doc No. 134] they stated the purpose of the appeal primarily is to add a material term to the settlement. This action contradicts Mr. Stern's sworn testimony that the email of July 26 included the entire terms and conditions of the settlement. Tagnetics' requesting items be added to the settlement is no different than the pro se parties requesting that terms provided in the July 20 email from Dr. Kayser be added to the settlement. Clearly there are genuine issues in dispute regarding the settlement. If compensatory damages are awarded due to the losses incurred from negligence of the opposing party, in this case the failure to include terms and conditions in the agreed settlement of July 26, then both parties are at fault for this negligence. Tagnetics did not make a reasonable effort to negotiate the draft settlement agreement before spending extensive time and money drafting a Motion to Enforce Settlement that led to an Evidentiary hearing to allow both parties to be heard by the Court. It is the pro se parties' position that the resulting time and expense incurred by Tagnetics, as stated in their Application for Attorney Fees, to enforce the agreement as detailed in the July 26 email were due to negligence by both parties to make sure desired terms were captured in the settlement.

In addition, there is no evidence that there was any harm was caused to Tagnetics. In fact, it has benefitted Tagnetics as they have not had to pay the initial $90,000 to the pro se parties as promised and have successfully delayed the determination by the court of insolvency by almost six months. Because

there has been no good faith effort by Tagnetics to settle the remaining issues during this six month delay, we can only believe this was their goal.

The pro se parties respectfully request the Court not to grant Tagnetics' relief of their Attorney fees as compensatory damages. For the reasons set forth above in addition to the fact that Tagnetics' has not followed the Court Order of October 25 in good faith. In the event the Court does grant all or part of Tagnetics' attorney fees as compensatory damages, the pro se parties should not be required to compensate Tagnetics' until they follow the Court's order including payment to the pro se parties and the allotted attorney fees should be distributed over 4 scheduled payments in the same manner as the settlement to the pro se parties.

Respectfully submitted December 16, 2019,

Jonathan Hager, pro se

842 Paint Bank Rd

Salem, VA 24153

Email: ctravlr@comcast.net

Kenneth W. Kayser, pro se

P.O. Box 115

Catawba, VA 24070

Email: drkwkayser@gmail.com

Ronald E. Earley, pro se

6429 Winding Tree Drive

New Carlisle, OH 45344

Email: ronald.earley1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, a copy of the foregoing Response to Tagnetics Application for Attorney Fees was (i) submitted to the Clerk of the Court at the Courthouse and (ii) electronically by email to counsel for Tagnetics, Inc., and (iii) by ordinary US Mail on December 16, 2019 to the Office of the United States Trustee.

Stephen B. Stern, Esq.

Kagan Stern Marinello & Beard, LLC

238 West Street

Annapolis, Maryland 21401

Stern@kaganstern.com


Robert R. Kracht

McCarthy, Lebit, Crystal & Liffman CO., LPA

101 West Prospect Avenue, Suite 1800

Cleveland, OH 44115

rrk@mccarthylebit.com


MaryAnne Wilsbacher

Office of the United States Trustee

170 North High Street

Suite 200

Columbus, OH 43215

_____
Jonathan Hager, pro se