UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-30822 |
| TAGNETICS INC. | * | CHAPTER 7 |
| INVOLUNTARY DEBTOR | * | |

**REPLY TO TAGNETICS OPPOSITION TO MOTION FOR CONTEMPT**

**FROM: Jonathan Hager, Kenneth Kayser, and Ronald Earley**

We have read Tagnetics' Opposition to Motion for Contempt filed on Friday December 13, 2019. Tagnetics counsel states they disagree with the Court's *Order Granting in Part Tagnetics' Motion to Enforce Settlement Agreement* [Doc. No. 101] of October 25, 2019 on the grounds that the settlement agreement did not include certain terms they thought had been agreed upon. They state they are not making the required payments out of concern that their Appeal may be successful at some later date even though they are not appealing the monetary terms of the settlement.

In the Evidentiary Hearing Tagnetics' testified that there was a meeting of the minds represented by the agreement to the settlement terms (Key Terms) included in the July 26th email from Steven Stern to the pro se parties. The Court ruled in favor of Tagnetics for the forced settlement based on the testimony of Tagnetics' counsel stating that no other terms are to be inferred or added to the Key Terms. Tagnetics' in their Opposition to Motion for Contempt [Doc. No. 153] is now contradicting their testimony trying to add releases to other parties that were not listed in the settlement email. Full Mutual Release was one of the Key Terms but was not clearly defined in any correspondence between the parties during email negotiations between July 23 and July 26. This ambiguity led to the Evidentiary Hearing where the Court determined that Full Mutual Release required both parties listed in the July 26 email, three remaining petitioning creditors and the company Tagnetics, to give up all future claims against each other. The Court's decision benefitted Tagnetics by relieving their obligations to repay a loan to Mr. Earley and deferred salary to Mr. Kayser. Any decision to include anyone other than the company Tagnetics in the definition of Full Mutual Release is not justified and would provide additional unbalanced benefit to Tagnetics.

Tagnetics' has not presented any legal argument for not executing the Court Order following the denial of their requested Stay [Doc. No. 125]. Tagnetics' is ignoring their obligation to follow the Court's ruling. The remaining petitioning creditors filed papers for Tagnetics' Involuntary Bankruptcy because Tagnetics was not paying its debts. The ensuing 8-month process has provided substantial monetary relief to Tagnetics and has yet to provide any relief to the remaining petitioning creditors. The pro se parties respectfully request the Court find Tagnetics' in Contempt and require immediate payment of the first payment to the pro se parties including interest in light of the continued delays.

Respectfully submitted December 18, 2019,

*[signature]*

Jonathan Hager, pro se

842 Paint Bank Rd

Salem, VA 24153

Email: ctravlr@comcast.net

*[signature]*

Ronald E. Earley, pro se

6429 Winding Tree Drive

New Carlisle, OH 45344

Email: ronald.earley1@gmail.com

*[signature]*

Kenneth W. Kayser, pro se

P.O. Box 115

Catawba, VA 24070

Email: drkwkayser@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2019, a copy of the foregoing Reply to Tagnetics Opposition to Motion for Contempt was (i) submitted to the Clerk of the Court at the Courthouse and (ii) electronically by email to counsel for Tagnetics, Inc., and (iii) by ordinary US Mail on December 16, 2019 to the Office of the United States Trustee.

Stephen B. Stern, Esq.

Kagan Stern Marinello & Beard, LLC

238 West Street

Annapolis, Maryland 21401

Stern@kaganstern.com

Robert R. Kracht

McCarthy, Lebit, Crystal & Liffman CO., LPA

101 West Prospect Avenue, Suite 1800

Cleveland, OH 44115

rrk@mccarthylebit.com

MaryAnne Wilsbacher

Office of the United States Trustee

170 North High Street

Suite 200

Columbus, OH 43215

_____
Jonathan Hager, pro se