**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: February 11, 2020**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

In re:   TAGNETICS INC., | Case No.   19-30822
 | 
 | Judge Humphrey
 | Chapter 7

**Decision Granting Petitioning Creditors' Motion for Contempt (Doc. 145)
and Determining Additional Interest as a Remedy to Enforce Compliance**

This matter is before the court on the *Motion to Hold Tagnetics in Indirect Contempt* (doc. 145) (the "Motion"), filed by petitioning creditors Jonathan Hager, Ronald E. Earley and Kenneth W. Kayser (the "Petitioning Creditors"). For the reasons explained below, the court finds Tagnetics, Inc. ("Tagnetics") in civil contempt of this court's *Order Granting in Part Tagnetics' Motion to Enforce Settlement Agreement (Doc. 101) and Ordering Other Matters* entered on October 25, 2019 (doc. 119) (the "Settlement Enforcement Order").

As a remedy for Tagnetics' contempt, the court is ordering that Tagnetics pay, in addition to the federal judgment rate of interest on all amounts owed to the Petitioning Creditors under the Settlement Enforcement Order which have already become due, an additional 5% per annum, simple interest, compounded monthly, (the "additional interest") on all sums which previously became due the Petitioning Creditors under the Settlement Enforcement Order, and on all future sums which become due to the Petitioning Creditors to the extent that those sums are not paid as due under the Settlement Enforcement Order. The purpose of that additional interest on sums that have become due and or become past-due in the future is to coerce Tagnetics' compliance with the Settlement Enforcement Order. However: 1) Tagnetics shall have 30 days from the date of the entry of the separate order to be entered to pay all sums currently due to the Petitioning Creditors under the Settlement Enforcement Order, with interest pursuant to 28 U.S.C. § 1961 commencing three business days following the date of entry of the Settlement Enforcement Order; 2) The additional 5% interest shall only commence to accrue 31 days from the date of the entry of this order; and 3) While all sums due under the Settlement Enforcement Order shall collect interest at the federal judgment rate of interest provided by 28 U.S.C. § 1961 from the time they first become due until those sums are paid, the additional 5% interest shall not accumulate during the pendency of any stay pending appeal ordered by a court of competent jurisdiction.

**Procedural and Factual Background**

Through the Settlement Enforcement Order, the court granted, in part, Tagnetics' motion to enforce a settlement reached between it, as the putative Chapter 7 debtor in this case, and the Petitioning Creditors who filed an involuntary bankruptcy petition against Tagnetics.[1] The integral terms of the Settlement Enforcement Order are as follows:

---

[1] The original petitioning creditors who filed the involuntary petition against Tagnetics included the Petitioning Creditors, plus Kayser Ventures Ltd, Robert Strain, and S-Tek Inc. Kayser Ventures, Strain, and S-Tek previously settled with Tagnetics and are no longer serving as petitioning creditors.

- Payment Schedule

| Payments | Timing | Earley | Kayser | Hager |
|---|---|---|---|---|
| **First** | Within 3 business days of the entry of this order | $30,000 | $30,000 | $30,000 |
| **Second** | 12 months from entry of this order | $30,000 | $30,000 | $30,000 |
| **Third** | 18 months from entry of this order | $30,000 | $30,000 | $30,000 |
| **Balance** | Upon next liquidity event[2] | $96,980 | $61,582 | $58,144 |
| **Total** | | $186,980.00 | $151,582.00 | $148,144.00 |

- Excepting the payments required by [the Settlement Enforcement] Order as defining the terms of the settlement reached by the parties, the parties are mutually released from any past obligation to each other arising out of any contract or claim of any nature, including as to any salary, benefits, loans or other similar obligations owed to the Remaining Petitioning Creditors. This release shall not affect any equity interest, including shares of stock, held by the Remaining Petitioning Creditors, except that it shall release any past dividends or other monetary obligations arising of any such equity or stock ownership.

- Within 7 days after the Remaining Petitioning Creditors' receipt of the initial $30,000 payments, Tagnetics shall file with the court and serve, by email, upon on each of the Remaining Petitioning Creditors a notice of payment.

- Upon the filing with the court of the notice of payment, the court will, **after a 24-hour waiting period**, dismiss the Involuntary Petition against Tagnetics.

Settlement Enforcement Order at 2. Tagnetics has appealed the Settlement Enforcement Order to the United States District Court for the Southern District of Ohio (the "District Court"), stating one issue on appeal: "The Bankruptcy Court erred when it held that the parties' settlement agreement did not include a release of Tagnetics' affiliates, subsidiaries, parent corporation, officers, and directors." Tagnetics sought a stay pending appeal from this court, which the court denied through an order entered on November 15, 2019 (doc.

---

[2] Liquidity event is defined as follows:
(a) when one person or entity directly or indirectly becomes the beneficial owner of more than 50% of the outstanding securities of Tagnetics, provided that the one person or entity does not directly or indirectly own more than 50% of the outstanding securities of Tagnetics on the date that the agreement becomes valid;
(b) the consummation of a merger, sale, or consolidation of Tagnetics with/to another company;
(c) a sale of substantially all of the assets of Tagnetics; or
(d) completion of a plan to liquidate, dissolve, or wind up Tagnetics that was approved by Tagnetics' shareholders or Board of Directors.

Settlement Enforcement Order at n.1.

138).[3] The Petitioning Creditors filed the Motion on November 22, 2019 and the court held a telephonic hearing on the Motion on January 28, 2020 (doc. 156 & 161).

### Positions of the Parties

The Petitioning Creditors assert through the Motion that Tagnetics is in contempt of the Settlement Enforcement Order in failing to pay them the sums of money due to them under the Settlement Enforcement Order, particularly the payments which were due to them within three business days after the entry of the Settlement Enforcement Order ($30,000 to each of the Petitioning Creditors).[4] Tagnetics asserts that it is not in contempt because it has appealed the Settlement Enforcement Order to the United States District Court for the Southern District of Ohio (the "District Court"). However, the Petitioning Creditors note that Tagnetics has not obtained a stay pending appeal and they argue that, absent obtaining a stay pending appeal, Tagnetics must comply with the terms of the Settlement Enforcement Order even though Tagnetics appealed the Settlement Enforcement Order. As a remedy for Tagnetics' alleged contempt, the Petitioning Creditors request the court to add interest on to the sums they are due under settlement agreement and to order that the payments due under the settlement agreement be expedited.

---

[3] On January 30, 2020 Tagnetics filed a motion with the District Court seeking a stay of the enforcement of the Settlement Enforcement Order on the condition of the posting of a supersedeas bond. As of the date of the issuance of this order, the District Court had not ruled on that motion.

[4] The Petitioning Creditors seek an order finding Tagnetics in "indirect contempt." "Indirect contempt" is generally viewed as a person's violation of a court's order which occurs outside the courtroom and presence of the judge or contemptuous acts against parties to the litigation as opposed to the court. *See Codispoti v. Pa.*, 418 U.S. 506, 5-34 (1974) (Rehnquist, J., dissenting); *Hanner v. O'Farrell*, 1998 U.S. App. LEXIS 5551 at *9-10 (6th Cir. Mar. 18, 1998); and *Dayton Newspapers, Inc. v. Teamsters Local Union No. 957*, 176 F. Supp. 2d 765, 770 (S.D. Ohio 2001). Direct contempt is generally viewed as a person's violation of a court order in the presence of the judge or conduct tending to disrupt ongoing judicial proceedings. *See Dayton Newspapers* at 767 n.1. Direct and indirect contempt can be either criminal or civil contempt. Regardless, the court is construing the Petitioning Creditors' Motion as seeking a determination from the court that Tagnetics is in civil contempt of the Settlement Enforcement Order. There is no dispute that any alleged violation of the Settlement Enforcement Order has occurred outside the presence of the judge and is directed against the parties as opposed to the court and, thus, to the extent Tagnetics violated the Settlement Enforcement Order and is held in contempt, any such contempt would constitute indirect contempt.

### **Law on Civil Contempt**

"The purpose of contempt proceedings is to uphold the power of the court, and also to secure to suitors therein the rights by it awarded." *Bessette v. W. B. Conkey Co.*, 194 U.S. 324, 327 (1904). The contempt power is an inherent power which the federal courts "must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court[.]" *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted). "Civil contempt is the power of the court to impose sanctions to coerce compliance with its orders." *United States v. Tenn.*, 925 F. Supp. 1292, 1301 (W.D. Tenn. 1995) (citing *Hicks v. Feiock,* 485 U.S. 624, 632 (1988)); *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1988)).

> Contempt may be categorized as either "criminal contempt" or "civil contempt." The difference between civil contempt and criminal contempt in large part lies in the purpose of the remedy imposed by the court. A finding of criminal contempt is generally remedied through a sanction ordered by the court intended to penalize or punish the contemnor. The remedy for civil contempt, on the other hand, is intended to either compensate the aggrieved party for its damages or losses incurred as a result of the contemnor's violation of the court's order or to coerce the contemnor's compliance with the order. *Ahmed v. Reiss Steamship Co. (In re Jaques)*, 761 F.2d 302, 305 (6th Cir. 1985) (citations omitted). Thus, as described by the Supreme Court: It is not the fact of punishment but rather its character and purpose, that often serve to distinguish between the two classes of cases. If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court. It is true that punishment by imprisonment may be remedial, as well as punitive, and many civil contempt proceedings have resulted not only in the imposition of a fine, payable to the complainant, but also in committing the defendant to prison. But imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order.

*Gompers*, 221 U.S. at 441-42.

In order for a court to hold a person in contempt, the court must find by clear and convincing evidence that the person "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (citation omitted)); *In re Franks*, 363 B.R. 839, 843 (Bankr. N.D. Ohio 2006) (similar). Corporations may be held in civil contempt. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949); *NLRB v. Aquabrom, Div. of Great Lakes Chemical Corp.*, 855 F.2d 1174, 1186 (6th Cir. 1988). Bankruptcy courts have the authority to find persons in civil contempt. *In re Franks*, 363 B.R. 839, 842 (Bankr. N.D. Ohio 2006); Elder-Beerman Stores Corp. v. Thomasville Furniture Indus. (*In re Elder-Beerman Stores Corp.*), 197 B.R. 629, 632 (Bankr. S.D. Ohio 1996).

As the Sixth Circuit has emphasized, "[c]ontempt is serious" and "courts must exercise the contempt sanction with caution and use '[t]he least possible power adequate to the end proposed.'" *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017) (internal citation omitted). The "drastic nature of contempt sanctions" requires that the court use those powers "only in clear and urgent instances." *Lucas v. Telemarketer Calling from 407 (476-5680)*, 2015 U.S. Dist. LEXIS 151077 (S.D. Ohio Nov. 6, 2015) (quoting in part *Springfield Bank v. Caserta*, 10 B.R. 57, 59 (Bankr. S.D. Ohio 1981)).

Consistent with the mandate to use its contempt powers sparingly, a court's civil contempt authority should not be used when the movant is merely seeking to collect on a money judgment.[5]   *Aetna Cas. & Sr. Co. v. Markarian*, 114 F.3d 346, 349-50 (1st Cir. 1997); *Ecopetrol S.A. v. Offshore Exploration & Prod. LLC*, 172 F. Supp. 3d 691, 697 (S.D.N.Y. 2016); *Jou*

---

[5] A money judgment, as that term is used in Federal Rule of Civil Procedure 69, has been referred to as a judgment which includes two elements: "(1) an identification of the parties for and against whom judgment is being entered, and (2) a *definite and certain* designation of the amount which plaintiff is owed by defendant." *Penn Terra, Ltd. v. Department of Environmental* Resources, 733 F.2d 267, 275 (3d Cir. 1984); Fox *v. Nat'l Oilwell Varco*, 602 Fed. Appx. 449, 452 (10th Cir. 2015) (citing *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1101 (9th Cir. 2011)) (similar). Federal Rule of Civil Procedure 54(a), incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7054, defines "judgment" as "a decree and any order from which an appeal lies." *See also Associated Gen. Contrs. Of Ohio, Inc. v. Drabik*, 250 F.3d 482, 485 (6th Cir. 2001) (discussing "money judgment" in the context of determining whether an award of attorney fees was a money judgment entitled to interest under 28 U.S.C. § 1961.).
.

*v. Adalian*, 2015 U.S. Dist. LEXIS 13786 at *16-17 (D. Haw. Feb. 5, 2015). Rather, in those circumstances, the aggrieved party must use the tools provided under and through Federal Rule of Civil Procedure 69 to enforce and collect upon the money judgment.

### Analysis of this Case

Tagnetics has neither asserted nor argued that it has complied with the Settlement Enforcement Order. Nor has it asserted that the Settlement Enforcement Order is not clear and specific, nor that it was not aware of the Settlement Enforcement Order. Rather, it has only asserted that it has appealed the Settlement Enforcement Order and does not want to pay sums due under the settlement as found through the Settlement Enforcement Order in the event that the District Court determines that there "was no meeting of the minds" as to the settlement.[6]

The Settlement Enforcement Order has many attributes of being a money judgment. It is a final, appealable order and, in fact, has been appealed. *See* Fed. R. Civ. P. 54(a). And more importantly, it requires Tagnetics to pay definite sums of money to the Petitioning Creditors. However, due to the unique and special circumstances of this case, including the specific requirement in the parties' settlement of an initial payment as consideration for dismissal of the petition, the court's civil contempt power is the only remedy available to enforce Tagnetics' compliance with the Settlement Enforcement Order, including its obligation to pay the Petitioning Creditors the sums they are due. The collection tools provided by Rule 69 are not presently available to collect the sums due the Petitioning Creditors because the Tagnetics' bankruptcy case initiated through the involuntary bankruptcy petition remains pending, along with the stay provided by the Bankruptcy Code. 11 U.S.C. § 362(a). The automatic stay applies in all bankruptcy cases, including those commenced through the filing of an involuntary petition. *In re Nicole Gas Prod. Ltd.*, 502 B.R.

---

[6] Tagnetics' only "Statement of Issue on Appeal" included with its *Designation Of Record And Statement Of Issues To Be Presented On Appeal Submitted By Tagnetics, Inc.* (doc. 137) was that "[t]he Bankruptcy Court erred when it held that the parties' settlement agreement did not include a release of Tagnetics' affiliates, subsidiaries, parent corporation, officers, and directors." That document did not include an alternative argument or statement of issue on appeal that there was no meeting of the minds as to the settlement agreement.

508, 514 (Bankr. S.D. Ohio 2013); *In re Epstein*, 314 B.R. 591, 594 (Bankr. S.D. Tex. 2004); In *re C.W. Mining Co.*, 2008 Bankr. LEXIS 4840 at *9 (Bankr. D. Utah Aug. 7, 2008). Thus, the Petitioning Creditors may not simply enforce their rights under the Settlement Enforcement Order through the collection mechanisms provided by Rule 69.[7]

An appeal of an order by itself does not stay a party's duty to comply with the court's order. A party's obligation to comply with a court order exists pending an appeal absent a stay issued by an appropriate court staying enforcement of that order. *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975); *United States v. Fesman*, 781 F. Supp. 511, 514 (S.D. Ohio 1991). Similarly, without a stay pending appeal, the trial court retains the authority to enforce the order. *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013); *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007).

Thus, since a stay has not been issued by this court or the District Court, Tagnetics is not in compliance with the Settlement Enforcement Order, and the Settlement Enforcement Order is definite and specific and Tagnetics at all times has been aware of the Settlement Enforcement Order, the court finds by clear and convincing evidence that it is in contempt.

Since Tagnetics is in contempt of the Settlement Enforcement Order, the court is left with the issue of how to compensate the Petitioning Creditors for their damages incurred as a result of Tagnetics' contempt and how to coerce Tagnetics' compliance with the Settlement Enforcement Order. The Petitioning Creditors' damages are a loss of money – the failure to be paid the sums they are due under the Settlement Enforcement Order. The Petitioning Creditors may be adequately compensated for those damages through the interest to which they are entitled under federal law, that being the federal judgment rate of interest provided by 28 U.S.C. § 1961. However, in addition to compensatory damages, this court may also include in any civil contempt sanction a monetary component intended to coerce the contemnor into compliance with its order. Any such coercive component, however, must be prospective only and not retroactive. *See Shillitani v. United States*, 384

---

[7] Once the initial payments are made to the Petitioning Creditors, pursuant to the terms of the settlement and the Settlement Enforcement Order, the involuntary bankruptcy petition can be dismissed and the Rule 69 collection remedies may be available to collect any additional sums due under the Settlement Enforcement Order.

U.S. 364, 369-370 (1966); *Jaques*, 761 F.2d at 308. Accordingly, Tagnetics shall have 30 days from the date of the entry of this order to pay all past-due sums due to the Petitioning Creditors under the Settlement Enforcement Order ($30,000 to each Petitioning Creditor), with interest at the rate provided by 28 U.S.C. § 1961 commencing three business days after the Settlement Enforcement Order was entered. To coerce Tagnetics' compliance with the Settlement Enforcement Order, in the event those sums are not paid to the Petitioning Creditors within 30 days of this order, the court finds that it is appropriate to add on to that federal judgment rate of interest, additional interest at the rate of 5% per annum, simple interest, compounded monthly, commencing on the 31st day following the entry of this order and continuing until all such sums are paid. In addition, interest shall accrue on all sums due under the Settlement Enforcement Order in the future at the federal judgment rate of interest, plus the 5% per annum, compounded monthly, until all such sums are paid. This additional interest shall be on all sums previously due that are not paid to the Petitioning Creditors within 30 days of the entry of separate order to be entered, plus any additional sums that become due in the future, from the time that those sums first become due under the settlement agreement as found by the court through the Settlement Enforcement Order. The additional 5% interest shall not be due or accumulate during the pendency of any stay pending appeal, from the time the stay first becomes effective until the stay terminates.

## Conclusion

For the foregoing reasons, the court finds that Tagnetics is in civil contempt of the Settlement Enforcement Order. Accordingly, the Petitioning Creditors' motion to hold Tagnetics in contempt is granted. A separate order will be entered consistent with this decision.

**IT IS SO ORDERED.**

Copies to: All Creditors and Parties in Interest, Plus

Douglas S. Draper, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130
Leslie A. Collins, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130