# EXHIBIT 3

**From:** Colin Wright
**Sent:** Monday, June 8, 2020 3:06 PM
**To:** John White
**Subject:** FW: [EXTERNAL] Tagnetics Powershelf Compass Marketing Update

I received this today...

Regards,

# Colin Wright

Global Director Business Strategy CPG & Retail Industry
Mobile: +14257491948
colin.wright@microsoft.com

## Microsoft

**From:** Frank.Columbo <Frank.Columbo@protonmail.com>
**Sent:** Monday, June 8, 2020 1:48 AM
**To:** William Barrett <wibarret@microsoft.com>
**Subject:** [EXTERNAL] Tagnetics Powershelf Compass Marketing Update

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF OHIO**

**WESTERN DIVISION AT DAYTON**

In re: TAGNETICS INC.,

Case No. 19-30822

Judge Humphrey

Chapter 7

**Disclosure of Officers of Tagnetics Inc. and Requirement of Personal Appearance**

Tagnetics, not later than June 12, 2020, shall file the names and titles of all the current officers and directors of Tagnetics. Further, the Chief Executive Officer of Tagnetics, or other senior officer specifically identified by Tagnetics and agreed to by the court, shall be required to appear at the hearing scheduled by this order and testify as to the specific circumstances concerning Tagnetics' apparent failure to comply with the Settlement Order and the prior contempt order. Failure to comply with this provision of this order may lead to a further show cause hearing against Tagnetics and the individual officers of Tagnetics.

Hearing

A hearing shall be held on June 25, 2020 at 1:30 p.m. (Eastern Time) on the Petitioning Creditors' criminal contempt motion (doc. 181). Further, upon sua sponte motion of the court, Tagnetics shall show cause why it should not be held in further civil contempt and to determine whether further sanctions are appropriate.

**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

IT IS SO ORDERED.



Guy R. Humphrey
United States Bankruptcy Judge

Dated: May 27, 2020

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re:  TAGNETICS INC., | Case No.   19-30822  <br><br>Judge Humphrey  <br>Chapter 7 |

**Order Scheduling Evidentiary Hearing Concerning:**
**(1) Motion to Hold Tagnetics Inc. in Criminal Contempt (Doc. 181) and**
**(2) Show Cause Why Tagnetics Inc. Should Not Be Held in Civil Contempt for the Failure to Comply with Prior Orders of This Court (Docs. 119 and 169)**

### Background

This case began with an involuntary petition against the putative debtor, Tagnetics, Inc. ("Tagnetics"). Doc. 1. After certain other petitioning creditors reached settlements with Tagnetics, the remaining three petitioning creditors, Kenneth Kayser, Ronald E. Earley, and Jonathan Hager, each proceeding pro se (the "Petitioning Creditors") and Tagnetics were moving toward a hearing on whether an order for relief should be entered. At the eleventh hour, the parties informed the court of a settlement and then could not agree as to what the terms of the settlement were. After a motion by Tagnetics to enforce the settlement (Doc. 101), the court held a hearing on October 18, 2019 to resolve the question and determined a settlement was reached under Ohio law and provided the specific terms of that settlement. Doc. 119 (the "Settlement Order"). A key part of that decision required Tagnetics to make initial payments to the Petitioning Creditors totaling $90,000 as consideration for dismissal

of the involuntary petition. The payments were due within three days of the entry of the court's order, or not later than October 28, 2019. Those payments have not been made.

Tagnetics, although taking the position a settlement occurred, nevertheless appealed to the United States District Court for the Southern District of Ohio over the scope of that settlement (doc. 124). See United States District Court for the Southern District of Ohio, *Tagnetics Inc. v. Kayser et al.*, Case No. 3:19-cv-00363. Tagnetics sought an appellate stay with this bankruptcy court, which was denied. Docs. 125 and 138. This court, in the order denying the appellate stay noted that Tagnetics could seek an appellate stay with the United States District Court. Tagnetics filed a motion with the District Court seeking to stay the bankruptcy court's settlement order and seeking the approval of a supersedeas bond on January 30, 2020 (Dist. Ct. Doc. 7), which was denied by the District Court on February 19, 2020 (Dist. Ct. Doc. 10). The District Court affirmed the bankruptcy court's finding of a settlement on April 27, 2020. On May 26 Tagnetics appealed to the United States Court of Appeals for the Sixth Circuit. Dist. Ct. Doc. 17.

While the appeal to the District Court was pending, having not received the $90,000 and without a stay having been issued, on November 22, 2019 the Petitioning Creditors moved to find Tagnetics in contempt. doc. 145. On January 28, 2020 this court held a telephonic hearing on the contempt motion and on February 11 entered an order finding Tagnetics in civil contempt of the Settlement Order (docs. 168 and 169) and further ordered that:

1. Tagnetics shall, **within 30 days of the entry of this order**, pay to each Petitioning Creditor the amounts past due under the *Order Granting in Part Tagnetics' Motion to Enforce Settlement Agreement* (doc. 119) (the "Settlement Enforcement Order") ($30,000 to each Creditor), plus the interest that has accrued, starting 3 business days after the Settlement Enforcement Order was entered, at the Federal Judgment Interest rate provided under 28 U.S.C. § 1961.

2. To the extent that all sums due in paragraph 1 are not timely paid, additional interest at the rate of 5% per annum, simple interest, compounded monthly, shall commence on the 31st day following the entry of this order and shall continue until all past due sums are paid.

3. Interest shall accrue on all future sums due under the Settlement Enforcement Order, from the time those sums first become due, at the Federal Judgment Interest rate provided under 28 U.S.C. § 1961, plus 5% per annum, simple interest, compounded monthly, until such sums are paid in full.

4. In the event that a stay pending appeal is issued, the additional 5% interest shall not be due or accumulate from the time the stay first becomes effective until the stay terminates.

Doc. 169. However, no evidence of payment reached the court despite this contempt order requiring payment by March 12, 2020.

On May 19, 2020, following the conclusion of the appeal to the District Court, the Petitioning Creditors filed a *Motion to Hold Tagnetics in Criminal Contempt* (doc. 181), advising the court that they have not received any payments required by the court's prior orders nor any correspondence from Tagnetics regarding those payments. The Petitioning Creditors' Motion requests more "aggressive action to enforce" the court's orders and that any attorney fees that may be awarded to Tagnetics as compensatory damages for prosecution of the Settlement Agreement be made to offset the fourth set of payments due under the Settlement Agreement.

**IT IS THEREFORE ORDERED:**

### Response Date

Tagnetics shall file any response to the Petitioning Creditors' Motion (doc. 181) **not later than June 15, 2020.**

### Disclosure of Officers of Tagnetics Inc. and Requirement of Personal Appearance

Tagnetics, **not later than June 12, 2020,** shall file the names and titles of all the current officers and directors of Tagnetics. Further, the Chief Executive Officer of Tagnetics, or other senior officer specifically identified by Tagnetics and agreed to by the court, shall be **required** to appear at the hearing scheduled by this order and testify as to the specific circumstances concerning Tagnetics' apparent failure to comply with the Settlement Order and the prior contempt order. **Failure to comply with this provision of this order may lead to a further show cause hearing against Tagnetics and the individual officers of Tagnetics.**

### Hearing

A hearing shall be held on June 25, 2020 at 1:30 p.m. (Eastern Time) on the Petitioning Creditors' criminal contempt motion (doc. 181). Further, upon sua sponte motion of the court, Tagnetics shall show cause why it should not be held in further civil contempt and to determine whether further sanctions are appropriate. The parties shall be prepared to address the following issues during the hearing:

1. Does the bankruptcy court have the authority to issue a criminal sanction, and if so, what an appropriate criminal sanction would be?

2. If the court does not have the authority to issue a criminal contempt sanction, what additional civil contempt sanctions are appropriate?

3. Whether the court may order the setoff of any attorney fees awarded to Tagnetics' against sums owed to the petitioning creditors under the settlement reached by the parties and, if so, whether the court may determine what payments the attorney fees may be set off against?

The hearing will be conducted simultaneously by phone and video conferencing technology. For the safety of all parties, the court is not conducting in person hearings at this time due to the ongoing health emergency caused by the Coronavirus (COVID-19). *See* General Order 35-4. Detailed logistical information will be provided by the court prior to the scheduled hearing. In addition, the court may request that parties be available prior to the scheduled hearing to conduct testing of any teleconferencing and videoconferencing equipment.

The court will not grant any further continuances of the dates and time provided in this order absent a showing of extraordinary circumstances, including a bona fide emergency, irreparable injury or harm, or manifest injustice.

### Appearances

Each of the Petitioning Creditors shall participate in the hearing telephonically. Counsel for Tagnetics and the CEO, or another senior officer of Tagnetics approved by the court, shall appear telephonically and through Skype.

### Filing of Witness Lists, Exhibit Lists and Copies of Exhibits and Presentation of Exhibits at Hearing

All counsel and pro se parties who wish to present witnesses or other evidence at an evidentiary hearing shall complete the appropriate Local Bankruptcy Rule Form 7016-1 (Attachment B) Exhibit List(s). The Exhibit List(s), **together with complete copies of all proposed exhibits which the Petitioning Creditors or Tagnetics may offer as exhibits individually and/or jointly,** shall be filed with the court and exchanged with opposing counsel **not later than June 18, 2020.** Exhibits not timely exchanged may not be admitted at the hearing. If the Petitioning Creditors proceed on a pro se basis and they intend to call witnesses or introduce documents at the hearing as evidence, they or someone on their behalf must either bring their documents to the courthouse or mail their documents, by overnight or other expedited service, in time to ensure that their documents are received by the Clerk by June 18, 2020. If any documents intended to be introduced as evidence at the hearing are not filed with the court by June 18, 2020, the party seeking to introduce those documents as evidence may be precluded from using those documents as evidence at the hearing.

4

The Clerk's office is not presently open for filing at the counter. Pro se filers must submit filings either by mail or by bringing them to the court and placing them in the Clerk's Office drop box just inside the main entrance. Unless otherwise ordered for cause shown, all filings received by mail will be file-stamped and entered on the docket with the date they are received by the court being the filing date on the court's docket. Attorneys must file filings through the court's Case Management/Electronic Case Filing (CM/ECF) system.

## Other Filings

All parties who wish to have the court consider any hearing memoranda in support of their position(s) shall, **not later than June 22, 2020,** file with the court and exchange with other counsel and pro se parties such memoranda.

**IT IS SO ORDERED.**

Copies to: All Creditors and Parties in Interest, Plus

Douglas S. Draper, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130
Leslie A. Collins, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130