UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-30822 |
| TAGNETICS INC. | * | CHAPTER 7 |
| INVOLUNTARY DEBTOR | * | |

**RESPONSE TO MOTION TO CONDUCT DISCOVERY RELATED TO TORTIOUS CONDUCT DIRECTED AT TAGNETICS**

**FROM: Jonathan Hager, Kenneth Kayser, and Ronald Earley**

We have read the Motion by Tagnetics to Conduct Discovery Related to the Tortious Conduct Directed at Tagnetics. We jointly and severally deny distributing any anonymous documents, attempting in any way to interfere with Tagnetics securing funding or any involvement in John White's dispute with his brothers Dan and Mike White. We respectfully request the Court deny this motion since we have no knowledge of who the individual or individuals are that have sent the correspondence described in the motion and we have not been party to any wrongful efforts to intentionally harm Tagnetics. The actions described in the motion would be detrimental to our goal during this entire process, to collect on the compensation that was owed to us during our contractual employment with Tagnetics.

The petitioning creditors started this Involuntary Bankruptcy process as a final effort to collect compensation that was contractually due to us. Following repeated efforts to collect compensation from Tagnetics, we filed the petition for Involuntary Bankruptcy to either receive compensation through a settlement or through proceeds from a bankruptcy if Tagnetics was determined insolvent. Relieved that a settlement was a viable option, we ultimately reached a court ordered settlement that provided some relief though it eliminated a large loan to Mr. Earley, significant deferred salary to Mr. Kayser, and it put much of the agreed settlement at risk due to the long payment schedule. Despite the Court ordered settlement, Tagnetics continues to delay the payment process. The petitioning creditors offered Tagnetics relief for their requested expansion of releases to bring the litigation process to an end. An email proposal was sent to Mr. Stern and Mr. Kracht on February 5, 2020. Mr. Stern acknowledged receipt on February 6th stating he would discuss it with Tagnetics. Mr. Hager followed up on February 11th looking for a response. Mr. Stern stated on February 16th that Tagnetics would not consider the offer. Mr. Hager followed up two more times on February 16th and February 20th to encourage Tagnetics to reconsider discussions but there was no response. Had that offer been discussed, it may have prevented the finding for Civil Contempt. Clearly, the offer to provide Tagnetics with the General Release they were seeking is evidence that the petitioning creditors only goal was to get the payments from the settlement. This action clearly contradicts Tagnetics' accusation that we have any other motivation. The Motion for Indirect Contempt was our attempt to force Tagnetics to comply with the Court Order. Tagnetics did not take any action following the finding of civil contempt even after the District Court affirmed the October 25, 2019 Court Order following the Appeal. Filing a Motion for Criminal Contempt was the only other option the petitioning creditors could identify to bring Tagnetics disregard of the Court Order before the Court. The petitioning creditors focus remains collecting on the compensation that has been owed to us. Recently understanding that the Motion for Criminal Contempt could insert further delays and require considerable costs and time, the petitioning creditors withdrew that motion in good faith. The Court's plan to discuss the current and possible additional civil contempt sanctions in a telephonic evidentiary hearing may lead to the resolution we are seeking.

Throughout this litigation process, the pro se parties have been trying to get paid. The accusations by Tagnetics that we have exploited the proceedings or engaged in any tortious conduct are false and no evidence has been presented of our involvement since none exists. We are not motivated to sabotage Tagnetics fundraising efforts, we are shareholders and we are more likely to be paid from Tagnetics success. The agreement that the last payment would be received as part of the next liquidity event is clear evidence that we would not participate in any activity that may jeopardize Tagnetics' opportunities. There are numerous disgruntled shareholders and creditors who are more likely suspects. We received, as has the court, anonymous documents which we disregarded as hearsay, unsubstantiated, and not pertinent to our case. We are offended by the accusation that we would participate in such conduct that would undermine our efforts to receive the compensation we earned. The efforts by Tagnetics to avoid paying the funds owed and refusing the opportunity to negotiate additional terms of the settlement are signs of their efforts to undermine this settlement process.

We do not believe the anonymous documents referenced by Tagnetics should be shared, further disseminated, or entered into court records. There is no evidence to warrant any discovery involving the petitioning creditors. Our personal computers and cell phones contain confidential information concerning conduct, strategy, and work product for this case which we consider privileged. It would be highly inappropriate for the court to order turning it over to Tagnetics. In addition, our personal devices include information about our businesses and our personal lives that should not be viewed during any such discovery. In the spirit of continuing to simply collect the payments, the petitioning creditors request the Court consider issuing an Order that adds an approved Mutual General Release to the settlement that can bring this litigation process to an end. We understand Tagnetics' need to identify and deal with the perpetrator(s) that have sent the mailings and emails that they refer to in their motion but this should not be a component of this proceeding and should not involve us three petitioning creditors. We respectfully request the Court deny Tagnetics motion and any action of discovery.

Respectfully submitted June 18, 2020 by,

*/s/ Jonathan Hager*

Jonathan Hager, pro se

842 Paint Bank Rd

Salem, VA 24153

Email: ctravlr@comcast.net

*/s/ Ronald E. Earley*

Ronald E. Earley, pro se

6429 Winding Tree Drive

New Carlisle, OH 45344

Email: ronald.earley1@gmail.com

_/s/ Kenneth W. Kayser_

Kenneth W. Kayser, pro se

P.O. Box 115

Catawba, VA 24070

Email: drkwkayser@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, a copy of the foregoing, a copy of the foregoing Response to Motion by Tagnetics to Conduct Discovery Related to the Tortious Conduct Directed at Tagnetics was (i) submitted to the Clerk of the Court at the Courthouse and (ii) electronically by email to counsel for Tagnetics, Inc. and (iii) mailed to the Office of the Trustee.

Stephen B. Stern, Esq.

Kagan Stern Marinello & Beard, LLC

238 West Street

Annapolis, Maryland 21401

Stern@kaganstern.com


MaryAnne Wilsbacher

Office of the United States Trustee

170 North High Street

Suite 200

Columbus, OH 43215


*Ronald E. Earley*

Ronald E. Earley, pro se