**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: February 1, 2021**

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| *In re*: | : |
| TAGNETICS INC., | : Case No. 19-30822 |
| | : Chapter 7 |
| *Debtor.* | : Judge Humphrey |
| | : |
| | : |

### ORDER DETERMINING TAGNETICS' APPLICATION FOR ATTORNEY FEES INCURRED IN ENFORCING SETTLEMENT AGREEMENT WITH PETITIONING CREDITORS (DOC. 134)

This matter is before the court on *Tagnetics' Application for Attorneys' Fees as Compensatory Damages Pursuant to the Court's October 25, 2019 Order* (doc. 134) (the "Application"). Through the agreement of the parties, the court adjourned determination of the Application pending Tagnetics' appeal of this court's order enforcing the settlement. That appeal has now been adjudicated through decisions and orders of the United States District Court for the Southern District of Ohio and the United States Court of Appeals for the Sixth Circuit. The Application is now ripe for determination.

For the reasons that follow, the court awards attorney fees to Tagnetics, as compensatory damages, in the amount of $14,482.50 and the reimbursement of expenses in the amount of $1,361.75, for a total of $15,844.25.

## Procedural and Factual Background

On October 25, 2019 the court entered its *Order Granting in Part Tagnetics' Motion to Enforce Settlement Agreement (Doc. 101) and Ordering Other Matters* (Doc. 119) (the "Settlement Agreement Order"). Through that order, the court granted, in part, Tagnetics, Inc.'s ("Tagnetics") motion to enforce a settlement reached between it, as the putative Chapter 7 debtor in this case, and the remaining petitioning creditors who filed an involuntary bankruptcy petition against Tagnetics. As part of its decision on the motion seeking enforcement of the settlement, the court determined that Tagnetics was entitled to reasonable attorney fees in enforcing the settlement agreement. Through a separate order, the court gave Tagnetics 14 days to file an application seeking attorney fees as compensatory damages. See Doc. 120. Tagnetics filed its Application on November 8, 2019. On December 3, 2019, the remaining petitioning creditors filed a motion seeking leave to file a response to the Application. The court granted them until December 16, 2019. Doc. 151. The remaining petitioning creditors, Kenneth Kayser, Ronald Earley, and Jonathan Hager (the "Petitioning Creditors") filed their response to the Application on December 16, 2019. Doc. 154.

Up until March 5, 2020, Tagnetics was represented by Stephen B. Stern of Kagan Stern Marinello & Beard, LLC ("Kagan Stern") from Annapolis, Maryland, and Robert R. Kracht of McCarthy, Lebit, Crystal, & Liffman Co., LPA ("McCarthy Lebit") from Cleveland, Ohio. Kracht and McCarthy Lebit filed a motion to withdraw as counsel on January 15, 2020 and an

2

amended motion to withdraw on January 22, 2020, which the court granted on March 5. 2020. Docs. 158, 159, and 174. Stern has continued to represent Tagnetics after March 5, 2020.

The fees and expenses sought by Tagnetics are contained within five invoices or billing statements: the September 5, 2019 statement of Kagan Stern in the amount of $2,962.50; the October 4, 2019 statement of Kagan Stern in the amount of $5,062.50 in fees and $89.65 in expenses; the November 8, 2019 statement of Kagan Stern in the amount of $9,825.00 in fees and $1,000.29 in expenses; the October 15, 2019 statement of McCarthy Lebit in the amount of $1,504.50 in fees and $104.08 in expenses; and the November 8, 2019 statement of McCarthy Lebit in the amount of $9,133.00 in fees and $167.73 in expenses.

This court entered the Settlement Agreement Order on October 25, 2019. Doc. 119. Tagnetics then appealed that Order on October 30, 2019 to the District Court, limiting its requested relief to either a finding that the settlement encompassed releases of Tagnetics' affiliates, officers, agents, and other related third parties, or in the alternative, that no meeting of the minds occurred and, therefore, there was no binding settlement. Doc. 124. At no time during the pendency of the appeal to the District Court or to the Sixth Circuit Court of Appeals did Tagnetics obtain a stay pending appeal.

On November 22, 2019 the Petitioning Creditors filed their first contempt motion against Tagnetics, asserting that Tagnetics had not made the first round of payments due to them under the settlement determined through the Settlement Agreement Order. Doc. 145. The court held a telephonic hearing on that motion on January 28, 2020 and entered a decision and order finding Tagnetics in contempt on February 11, 2020. Docs. 156, 169. The District Court entered its decision and order affirming the Settlement Agreement Order on April 27, 2020. See doc. 180. Then on May 19, 2020 the Petitioning Creditors filed their second motion to hold Tagnetics in

contempt, initially requesting a finding that Tagnetics be held in criminal contempt but later clarifying that they only sought a civil contempt remedy. Doc. 181. The basis for the second contempt motion was Tagnetics' continued failure to make the first round of payments due under the Settlement Agreement Order. The court originally scheduled a hearing on the second contempt motion for June 25, 2020, but later converted that hearing to a scheduling conference and rescheduled the hearing for July 30, 2020. Docs. 182, 194, and 204. On July 29, 2020 the court convened a telephonic conference during which the parties advised the court that Tagnetics had made the first round of payments to the Petitioning Creditors and, therefore, there was no longer a need for the July 30 hearing and the court cancelled it.

Based on Tagnetics' request, the court adjourned this contested matter pending Tagnetics' appeal of the Settlement Agreement Order. Doc. 165. The court's Settlement Agreement Order has now been affirmed by the United States District Court for the Southern District of Ohio and the United States Sixth Circuit Court of Appeals. See doc. 230.

This order is this court's final determination of the Application.

## **Positions of the Parties**

The Application filed by Tagnetics seeks approval of attorney fees totaling $28,487.50 and reimbursement of expenses totaling $1,361.78 for the period of August 16, 2019 through October 31, 2019. Of course, it is Tagnetics' position that all of those fees and expenses were reasonably incurred in seeking enforcement of the settlement reached between the parties. Tagnetics also requested the opportunity to supplement the Application to account for fees and expenses incurred "in connection" with the filing of the Application and "to supplement th[e]

Application . . . to account for fees/expenses incurred in connection with the appeal" of the court's order enforcing the settlement. Application at 2, and n. 3.[1]

The Petitioning Creditors assert that Tagnetics should not be awarded attorney fees in enforcing the settlement because "the resulting time and expense incurred by Tagnetics, as stated in their Application . . . to enforce the agreement as detailed in the July 26 email were due to negligence by both parties to make sure desired terms were captured in the settlement." Doc. 154 at 1. The gist of this argument appears to be that following the July 26, 2019 email through which the parties settled their differences relating to the involuntary bankruptcy petition filed against Tagnetics, Tagnetics' counsel drafted and circulated a draft written settlement agreement which did not contain provisions which the Petitioning Creditors desired and also contained items which this court found were not part of the settlement reached on July 26th. Thus, the Petitioning Creditors argue that since both sets of parties were "negligent" in negotiating and documenting the deal they thought they were getting, Tagnetics should not be able to recover its attorney fees and expenses incurred in enforcing the settlement which was reached. The Petitioning Creditors also argue that Tagnetics should not be awarded attorney fees since Tagnetics did not comply with the settlement determined by the court in its October 25, 2019 *Order Granting in Part Tagnetics' Motion to Enforce Settlement Agreement* (doc. 119), including making payments to the Petitioning Creditors, until after a lengthy period of time and two contempt motions were filed by the Petitioning Creditors, with the court having entered one

---

[1] An award of additional fees incurred in appealing the court's Settlement Agreement Order is not warranted since Tagnetics was not successful in reversing the order. It would not be appropriate to compensate Tagnetics and the expense of the Petitioning Creditors for the costs of an unsuccessful appeal of the order. *See R&L Carriers, Inc. v. Intermec Techs. Corp.* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), MDL Docket No. 1:09-md-2050, 2018 U.S. Dist. LEXIS 93678, at *12, 2018 WL 2578225, at *4-5 (S.D. Ohio June 4, 2018); *Piers v. Higgs,* No 1:06-cv-135, 2009 U.S. Dist. LEXIS 26350, at *4-7, 2009 WL 884620, at *1-2 (W.D. Mich. Mar. 30, 2009). Further, Tagnetics has not to date supplemented its Application to include fees associated with preparing its Application. Regardless, for the reasons, as explained below, the court is reducing the lodestar calculation of Tagnetics' fees and will not permit any additional fees.

order finding Tagnetics in contempt and the other contempt motion having been settled prior to the court's having conducted a hearing on it.[2]

## Discussion of the Law on Awarding Attorney Fees

Settled Ohio law provides that parties who successfully enforce settlement agreements in courts may recover their reasonable attorney fees and expenses incurred in enforcing the settlement. *Rohrer Corp. v. Dane Elec Corp. U.S.A.*, 482 Fed. Appx. 113, 117 (6th Cir. 2012); *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-1298, 2018 U.S. Dist. LEXIS 34445, at *8-9, 2018 WL 1127653, at *4 (N.D. Ohio Mar. 2, 2018). "Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of a settlement agreement makes litigation necessary, even where known of the exceptions to the American Rule have been shown." *Rohrer*, 482 Fed. Appx. at 117. As the court previously found in its decision on the motion to enforce the settlement agreement, to the extent that state law must be applied to this contested matter, Ohio law is applicable.

In determining the reasonableness of fees sought, courts generally start with the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is commonly known as the lodestar calculation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley*, 461 U.S. at 433. The focus of this calculation is on determining

---

[2] The Petitioning Creditors also filed a third contempt motion on November 12, 2020 (doc. 224) based upon allegations that Tagnetics defaulted again under the Settlement Agreement Order by failing to make the second round of payments due to the Petitioning Creditors under the settlement and Settlement Agreement Order. The court denied that motion on the basis that upon dismissal of the underlying bankruptcy petition, which had already occurred pursuant to the Settlement Agreement Order, collection through Federal Rule of Civil Procedure 69, made applicable by Federal Rules of Bankruptcy of Procedure 7069 and 9014(c), and any other post-judgment collection procedures are the appropriate method to pursue collection of any sums due under the Settlement Agreement Order, rather than through the contempt powers of this court.

what is a reasonable number of hours for the work performed and a reasonable billing rate for the attorneys who performed the work. *Riverside v. Rivera*, 477 U.S. 561, 567-68 (1986).

However, the lodestar calculation does not end the determination of what is a reasonable attorney fee. Other factors may and should also be considered and may warrant an increase or a decrease in the fees awarded. *Hensley*, 461 U.S. at 434. Such additional factors which can be considered in determining the reasonableness of fees include: 1) the novelty and difficulty of the issues; 2) the skill required to perform the services properly; 3) the preclusion of other employment resulting from counsel's acceptance of the matter; 4) the customary fee for such matters; 5) whether the fee is fixed or contingent; 6) time limitations imposed by the client or otherwise dictated by the circumstances; 7) the amount at issue and the results obtained; 8) the experience, reputation, and ability of the attorneys; 9) the undesirability of the case; 10) the nature and length of the professional relationship between counsel and the client; and 11) awards in similar cases or under similar circumstances. *Harman v. Robertson*, 772 F.2d 1150, 1152 n. 1 (1985) (cited in *Boddy*, 950 F.2d at 338); *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 995 F. Supp. 2d 835, 848 (S.D. Ohio 2014). Similar factors are set forth in Bankruptcy Code § 330 for consideration of a bankruptcy court's award of attorney fees to professionals engaged by the bankruptcy estate in bankruptcy cases. 11 U.S.C. § 330(a)(3). *See also Blanchard v. Bergeron*, 489 U.S. 87, 91 n. 5 (1989) (applying similar factors under the Civil Rights Attorney's Fees Awards Act of 1976).

The results obtained are an important consideration in determining the reasonableness of attorney fees sought. *In re Boddy*, 950 F.2d 334, 338 (6th Cir. 1991); *In re Addleman*, Case No. 17-16032, 2018 WL 5797709, at *9, 2018 Bankr. LEXIS 3370, at *27 (Bankr. N.D. Ohio Nov. 2, 2018). This factor requires the court to consider if the party seeking the fees failed to prevail

on a claim or claims that were not related to the claim upon which the party succeeded. If the party failed to succeed on all claims, did the party nevertheless "achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When a party moving for attorney fees is partially successful, the court may take such partial success into consideration in making its award of attorney fees. *Id.* at 430 ("The level of a plaintiff's success is relevant to the amount of fees to be awarded."); *Blum v. Stenson*, 465 U.S. 886, 900 (1984) (similar).

### **Analysis of the Law in Relation to the Application**

The court will first address the Petitioning Creditors' argument that Tagnetics should not recover its attorney fees and expenses incurred in enforcing the settlement reached on July 26th because both sets of parties sought to have additional items included as part of the settlement after the fact. While the court agrees that both parties sought to expand the scope of the settlement after July 26, 2019, that does not preclude Tagnetics from recovering the attorney fees and expenses which it incurred in enforcing the settlement which was reached on July 26th. The court has not allowed attorney fees incurred by the Tagnetics in seeking to include third party releases which were not part of the July 26 settlement. However, Tagnetics was successful in enforcing the terms of the July 26, 2019 settlement and is entitled under *Rohrer Corp. v. Dane Elec. Corp.* and *Wilson v. Prime Source Healthcare of Ohio* to recover reasonable attorney fees and expenses incurred in those efforts. Enforcing the actual terms of the settlement is beneficial to both sets of parties and Tagnetics is entitled to be compensated for those efforts.

Further, to the extent that the Petitioning Creditors are arguing that Tagnetics should not be able to recover its attorney fees incurred in enforcing the settlement agreement because both sets of parties breached the settlement agreement by pursuing "add ons" to the agreement that

8

sought to expand its scope, the Petitioning Creditors are incorrect. The remedy for such a situation under Ohio law is to award both sets of parties their reasonable attorney fees in enforcing the settlement reached. *See Shanker v. Columbus Warehouse Ltd. P'ship*, No. 99AP-772, 2000 Ohio App. LEXIS 2391, at *15-16, 2000 WL 726786, at *5-7 (Ohio Ct. App. June 6, 2000) ("If defendant may be awarded reasonable attorney fees as compensatory damages for fees incurred as the result of plaintiffs' breach of the settlement agreement, but defendant, too, has also breached the agreement, then reasonable attorney fees are also proper compensatory damages to plaintiffs to the extent defendant's breach of the agreement to cease litigation caused plaintiffs to incur attorney fees."). However, since the Petitioning Creditors have proceeded in these matters without counsel, they have no attorney fees to recover and pro se parties are not entitled to recover attorney fees in representing themselves. *State ex rel. Yant v. Conrad*, 660 N.E.2d 1211, 1214 (Ohio 1996); *Simpson v. Montague,* 902 F.2d 35, 1990 U.S. LEXIS 7720, at *10, 1990 WL 61164, at *4 (6th Cir. 1990) (table decision); *Borda v. Hartley*, Case No. 2:18-cv-990, 2019 U.S. Dist. LEXIS 96724, at *4, 2019 WL 242244, at *2 (S.D. Ohio June 7, 2019).

      The court finds that the hourly rates billed by attorneys Stern ($375/hour) and Kracht (primarily at $380/hour, with one entry at $283.33/hour and one entry at $300/hour) and their associates used on this matter are within the customary hourly rates of practitioners with similar credentials and experience who regularly appear before this court. Mr. Stern graduated from The George Washington University Law School in 1996 and has practiced with various law firms since that time and is currently a partner of Kagan Stern. Mr. Kracht graduated from Cleveland State University's Cleveland-Marshall College of Law and was admitted to the practice of law in Ohio in 1983 and is currently a partner with McCarthy Lebit. In addition, the court finds that the expenses totaling $1,361.78 are reasonable given the necessity of Messrs. Stern and Kracht

9

traveling to Dayton, Ohio to appear and represent Tagnetics at the October 18, 2019 hearing on the motion to enforce the settlement.

The court finds that all of the fees and expenses contained on the two McCarthy Lebit statements are reasonable and were reasonably incurred in representation of Tagnetics in seeking enforcement of the settlement. The first statement totaled $1,608.58 ($1,504.50 representing 5.7 hours in fees and $104.08 in expenses) and the second statement totaled $9,300.73 ($9,133.00 representing 24.8 hours in fees and $167.73 in expenses).

As to the Kagan Stern statements, the court finds that all of the fees for which compensation is sought in the September 5, 2019 statement ($2,962.50) should not be allowed. All of those fees represent discussions and communications which Stern had with the Petitioning Creditors and his client and co-counsel concerning efforts to document the settlement reached on July 26, 2019. Those entries do not reflect the effort to enforce the settlement in this court, but rather, an effort to resolve and document what the settlement was. Because the court finds that those entries were not made in relation to enforcing the settlement, but rather, were involved in documenting and discerning the settlement, the court finds that those fees are not recoverable. Furthermore, the evidence submitted at the hearing on the motion to enforce the settlement established that the need to file the motion to enforce the settlement was significantly caused by both sets of parties' attempts to expand the scope of the settlement reached on July 26th. The Petitioning Creditors sought to expand the scope of the settlement to include payment of obligations they asserted were owed to them which were not included in the emails exchanged culminating in the July 26 settlement. On the other hand, the draft "Settlement Agreement" prepared by Stern and circulated to the Petitioning Creditors included releases as to third parties, also which were not included in the emails which resulted in the July 26th settlement. While the

law favoring payment of attorney fees for enforcing a settlement justifies payment of the fees involved in actually enforcing the settlement reached, it does not justify payment of fees incurred in an attempt to expand the settlement which was actually reached.

As to Kagan Stern's October 4, 2019, invoice, the court finds some of the fees compensable as damages incurred in enforcing the settlement, but others not. Accordingly, the court finds all of the entries on September 3, 5, 7, 8, and 20 are allowable. However, the court does not find that the time spent on researching the legal and factual status of Compass Marketing and in pursuing an affidavit from Louis Fernandez to support Tagnetics' argument that Compass should be granted a release under the settlement reached to have been reasonably incurred and compensable as compensatory damages. First, Tagnetics did not succeed in convincing the court that Compass was entitled to such a release as part of the settlement. As the court determined in its decision on the Settlement Motion, Compass Marketing was an undisclosed third party which was never mentioned in any of the emails which consummated the settlement and, therefore, was not part of the settlement. The billing itemizations pertaining to that issue reflect that Tagnetics' counsel after the fact tried to create a basis through their research and the obtaining of the Fernandez Affidavit to incorporate Compass into the settlement. Such efforts did not involve enforcing the settlement reached, but rather, trying to enlarge the settlement to include Compass for the benefit of others. For those reasons, it would not be appropriate to compensate Tagnetics' efforts to enlarge the scope of the settlement, as opposed to enforcing the settlement reached. The court finds that the 1.5 hours spent by Carolyn Gilde on September 9, 1.0 hours spent by Stern on September 10, 1.4 hours spent by Stern on September 11, and .3 hours spent by Stern on September 13 are not allowable as compensatory

damages incurred in enforcing the settlement reached for those reasons.[3] Accordingly, the court is not approving fees in the amount of $1,387.50 (2.7 hours of Stern time and 1.5 hours of Gilde time) related to those efforts on the October 4, 2019 invoice. The court is approving $3,975 in attorney fees and all of the expenses sought on that invoice ($89.65 in expenses).

The court finds that all of Kagan Stern's fees and expenses for which compensation is sought in the November 8, 2019 statement are reasonable and appropriate as compensatory damages involved in enforcing the settlement reached on July 26, 2019 ($9,825.00 representing 26.2 hours in fees and $1,000.29 in expenses).

In summary, in arriving at the initial lodestar calculated amount arrived at by multiplying the attorneys' and other professionals' time by their respective rates, the court has arrived at the following numbers:

**Kagan Stern**

| Statements | Fees | Expenses |
|---|---|---|
| September 5, 2019: | $0.00 | $0.00 |
| October 4, 2019: | $3,675.00 | $89.65 |
| November 8, 2019: | $9,825.00 | $1,000.29 |
| **Totals:** | $13,500.00 | $1,089.94 |

---

[3] The September 10, 2021 1 hour entry of Stern does not break out what fraction of that hour that would be related to the settlement enforcement motion and for research on the affiliate issue, and therefore the court has not included that entry in the total award.

## **McCarthy Lebit**

| Statements | Fees | Expenses |
|---|---|---|
| October 15, 2019: | $1,504.50 | $104.08 |
| November 8, 2019: | $9,133.00 | $167.73 |
| **Totals:** | $10,637.50 | $271.81 |

## **Totals**

| | |
|---|---|
| Fees: | $24,137.50 |
| Expenses | $1,361.75 |
| **Total Fees & Expenses:** | **$25,499.25** |

However, as previously mentioned, the determination of reasonable attorney fees does not necessarily end with a simple determination of rates multiplied by hours. Courts take into consideration additional factors beyond the simple mathematical computation of rates times hours. As noted in *McKelvey v. Sec'y of United States Army*, there are a "broad constellation of factors a trial court may consider in exercising" its discretion in determining the proper amount of attorney fees. 768 F.3d 491, 495 (6th Cir. 2014) (approving the reduction of attorney fees by 50% when the plaintiff rejected a financial offer that was about five times higher than what he was awarded). "The most critical factor" to be considered is "the degree of success obtained." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Further, the trial court "may adjust the lodestar to reflect relevant considerations specific to the subject litigation." *American Canoe Ass'n v. City of Louisa*, 683 F. Supp. 2d 480, 497 (E.D. Ky. 2010) (Thapar, J.) (reducing the fees by 10% for duplicative efforts and an additional 25% for limited success, for a combined 35% reduction). *See also Hines v. DeWitt*, Case No. 2:13-cv-1058, 2016 U.S. Dist. LEXIS 59344, at

\*4, 2016 WL 2342014, at \*2 (S.D. Ohio May 4, 2016) ("[T]he trial court can 'adjust the lodestar' to reflect relevant considerations peculiar to the subject litigation.") (citing *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014) (reducing the lodestar amount by 50%)).

Tagnetics was successful in obtaining an order enforcing the settlement, resulting in the Settlement Agreement Order. However, apparently from the two appeals pursued by Tagnetics of that order, Tagnetics was not successful from its own perspective. Little, if any, deduction would be warranted from the lodestar calculation based upon its original success (or, in the view of Tagnetics, limited success). Nor would it be appropriate to deduct from the lodestar amount on account of Tagnetics' appeals. Parties should feel free to appeal the orders of this court should they believe the court erred, and the court welcomes such appeals.

Nevertheless, the court cannot ignore as an additional factor in determining the reasonableness of any attorney fee award that Tagnetics failed to comply with the Settlement Agreement Order pending its appeals through the District Court and the Sixth Circuit, without a stay pending appeal being in effect. Its failure to comply with the Settlement Agreement Order resulted in the Petitioning Creditors' filing two contempt motions, the court holding a hearing on the first contempt motion and entering an order finding Tagnetics in contempt following that hearing, the Petitioning Creditors' filing of a second contempt motion, and the court's setting a second contempt hearing before Tagnetics complied with the clear requirement to pay an initial $90,000 to the Petitioning Creditors in consideration for dismissal of the involuntary petition. In addition, the court engaged in several telephone conferences with the parties concerning those matters. For the detailed provisions, see doc. 119 and 169. The record of those proceedings is well documented and will not be repeated here. See docs. 119, 168, 169, 181, 182, 186, 194, 195, 204. See also docket entries 215 and 217. Particularly troubling to the court was the unsupported

14

legal argument that, after not receiving an appellate stay despite multiple opportunities to seek such a stay, Tagnetics was justified in not complying with the court's order during the pending appeals. Both the Petitioning Creditors and the court spent considerable time addressing those matters. For this reason, the court reduces the attorney fees award in this case by 40%.

Accordingly, Tagnetics' lodestar calculated fees of $24,137.50 are reduced by 40% to $14,482.50.

## Conclusion

The court awards attorney fees to Tagnetics,[4] as compensatory damages, in the amount of $14,482.50, plus expenses of $1,361.75, for a total of $15,844.25. Kenneth Kayser, Ronald Earley, and Jonathan Hager are each separately liable in the amount of $5,281.42.

**IT IS SO ORDERED.**

Copies to: All Creditors and Parties in Interest, Plus

Douglas S. Draper, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130
Leslie A. Collins, 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130

---

[4] An award of attorney fees is generally made in favor of the party, not counsel for the party. *See Astrue v. Ratliff*, 560 U.S. 586, 588-89 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017); *Ohio Right to Life Soc'y, Inc. v. Ohio Elections Comm'n*, 590 Fed. Appx. 597, 606 (6th Cir. 2014). This conclusion would seem to especially be applicable under circumstances like this when the award of attorney fees is made as an award of compensatory damages to the moving party. *See Rohrer Corp. v. Dane Elec Corp. U.S.A.*, 482 Fed. Appx. 113, 117 (6th Cir. 2012); *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-1298, 2018 U.S. Dist. LEXIS 34445, 2018 WL 1127653 (N.D. Ohio Mar. 2, 2018); *Shanker v. Columbus Warehouse Ltd. P'ship*, No. 99AP-772, 2000 Ohio App. LEXIS 2391, 2000 WL 726786 (Ohio Ct. App. June 6, 2000); *Rayco Mfg. v. Murphy, Rogers, Sloss & Gambel*, No. 106714, 2019 Ohio App. LEXIS 3822, 2019 WL 4509394 (Ohio Ct. App. Sept. 19, 2019).